BEITZEL v. DEPARTMENT OF REVENUE.

TAXATION—SALES TAX—LOCAL ACTIVITY—OUT-OF-STATE SUPPLIER.
Conduct of plaintiffs in this State in selling advertising specialties and novelties to customers in this State by taking orders for such goods in this State and ordering such materials imprinted with the customers' identification from suppliers outside the State, who ship them directly to the customers who are billed by plaintiffs *held*, a sufficient local activity for the imposition of the State sales tax (CL 1948, § 205.51 *et seq.*, as amended).

Appeal from Court of Claims, Beers (Henry L.), J., presiding. Submitted Division 2, December 8, 1965, at Lansing. (Docket No. 969.) Decided February 9, 1966. Rehearing denied March 14, 1966.

Complaint by Floyd M. Beitzel and Floyd M. Beitzel Calendar Company, a Michigan corporation,

REFERENCES FOR POINTS IN HEADNOTE
47 Am Jur, Sales and Use Taxes § 10.

against the State of Michigan and the Department of Revenue to recover sales taxes paid under protest. Judgment for defendants. Plaintiffs appeal. Affirmed.

*Lucking, Van Auken & Miller* (*Howell Van Auken*, of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *T. Carl Holbrook, Richard R. Roesch,* and *William D. Dexter,* Assistant Attorneys General, for the defendants.

McGREGOR, J. The plaintiffs herein are engaged at a Detroit location in the business of selling advertising specialties and novelties to merchants and industrial concerns located in the State of Michigan. The plaintiffs take orders for these goods in Michigan and then, in turn, order these advertising materials imprinted with the customers' identification from suppliers outside the State of Michigan. The finished goods are sent directly from the out-of-State suppliers to the plaintiffs' Michigan customers, without passing through the plaintiffs' hands. The plaintiffs bill the Michigan purchasers and they pay the out-of-State suppliers.

In June, 1963, the defendant department of revenue issued to plaintiff a sales tax deficiency notice for these transactions. After an adverse ruling by the State board of tax appeals, the plaintiffs paid the assessment under protest. Plaintiffs then brought this action in the court of claims to recover $1,160, contending that the imposition of the State sales tax on these transactions violates the interstate commerce clause of the Federal Constitution.[1] Plaintiffs bring this appeal from the trial court's

---

[1] US Const, Art 1, § 8.—REPORTER.

dismissal of this action upon the defendants' motion for summary judgment.

The plaintiffs base their argument primarily on *Montgomery Ward & Co.* v. *Fry* (1936), 277 Mich 260, and *McLeod* v. *J. E. Dilworth Co.* (1944), 322 US 327 (64 S Ct 1023, 88 L ed 1304). *Montgomery Ward & Co.* v. *Fry* held that a sales tax imposed upon goods shipped from Illinois to customers who ordered such merchandise at Montgomery Ward retail stores in Michigan was in violation of the commerce clause. *McLeod* v. *J. E. Dilworth Co.* held that the State of Arkansas could not impose a sales tax upon goods sold to Arkansas residents by a Tennessee seller, since the title to the goods passed when they were given to the carrier in Tennessee for delivery to the Arkansas customers.

The law in this area has undergone significant development since these cases were decided. The last word on the matter from the Supreme Court of the United States is *Scripto, Inc.,* v. *Carson* (1960), 362 US 207 (80 S Ct 619, 4 L ed 2d 660), which held that the State of Florida could require a corporation located in Georgia to collect a use tax from Florida customers. Scripto, Inc., did not maintain any office or warehouse in Florida or have any regular employee or agent there. Its orders were solicited by advertising specialty brokers, also called wholesalers or jobbers, who are Florida residents. The *Scripto Case* ignored such technicalities as the passing of title and considered the decisive factor to be a link, or minimum connection, between a State and the person, property, or transaction it sought to tax. The court, in *Scripto,* found that the Florida use tax law, which placed the burden of the tax on the ultimate consumers for the use and enjoyment of property which had been purchased by Florida residents and which had entered into and become a part of the mass of

property in that State, did not violate the commerce clause.

There is one case which is substantially identical in its essential facts to the instant case. In *McGoldrick* v. *A. H. DuGrenier, Inc.* (1940), 309 US 70 (60 S Ct 404, 84 L ed 584) the Supreme Court upheld a New York city sales tax as it applied to the sale of office machines which were shipped directly from the Massachusetts manufacturer to customers within the city of New York. The orders were taken within the city of New York by an independent sales agent who transmitted these orders to the out-of-State manufacturer.

In *Ashton Power Wrecker Equipment Company* v. *Department of Revenue* (1952), 332 Mich 432, 438, in upholding the application of the sales tax to the plaintiff, the Court held that:

"The fact that a sale was negotiated through the channels of interstate commerce is immaterial; * * * a State sales tax is lawfully imposed if it is conditioned upon a sufficient local activity."

This Court finds that the conduct of plaintiffs' business within the State of Michigan is a sufficient local activity for the imposition of the Michigan sales tax to the transactions in question.[2]

Judgment affirmed. Costs to appellees.

LESINSKI, C. J., and QUINN, J., concurred.

---

[2] See CL 1948, § 205.51 *et seq.*, as amended (Stat Ann 1960 Rev § 7.521 *et seq.*, as amended).—REPORTER.