Patricia E. McBRIDE,
Petitioner-Appellant,

v.

Richard C. McBRIDE, Respondent.

No. 39887.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Leonard J. Frankel, Donald L. Wolff, Wolff, Frankel, McConnell & Passanante, Clayton, for petitioner-appellant.

Charles Merz, Padberg, McSweeney, Slater, Merz & Reid, St. Louis, for respondent.

REINHARD, Presiding Judge.

Mother appeals from an order of the trial court sustaining Father's motion to modify child custody by transferring custody of 15 year old girl to him. She alleges error in Father's failure to meet his burden of proof that he is a fit custodian for the minor child, that there has been a sufficient change of circumstances to require modification, or that the transfer was in the best interest of the child.

Parties were divorced June 22, 1972. At that time the parties entered into a stipulation as to custody of their five children. The wife was to get custody of two sons, ages 15 and 12 and a 9 year old girl, the subject of this action. The husband was to get custody of an 18 year old son and a 16 year old son. There was a provision for temporary custody in each parent as to the children of which the other parent had general custody.

On June 8, 1977, Mother filed a motion to modify the divorce decree, asking for an increase in child support payments as to the youngest child because of a substantial change in financial circumstances of the parties. Also on that date she filed a motion for contempt against Father alleging that he had unlawfully taken custody of the minor child on May 30, 1977. On the same date Father filed this motion to modify child custody, which was amended on June 22, 1977. Hearing was held on Father's motion on October 11, 1977, with the child and the Mother testifying. The parties stipulated to the fact that "both the mother's home and the father's home . . . [were] . . . suitable so far as living quarters . . . [were] . . . concerned."

At the hearing the child testified that she had been living with her father voluntarily for four and one-half months, and that she understood that her mother had the legal right to her custody. She stated that she had arguments with her mother, was adequately supervised by her father, and was happy with him and desired to live with him. She said that fighting with her mother was constant, that she was unable to even have a conversation with her mother, that she was unable to take the pressure of living with her mother, that she could not handle the difficulties with her mother, and that her mother had shown no signs of loving or caring for her. She further testified that while living with her mother she had suffered from a nervous stomach. She said she knew her father loved her, that she did not feel constant pressure living with her father, and that the other children whose custody had been given to the mother had previously moved to live with the father.

Mother testified her former husband had not been a good father. She alleged that the children had been abused and left without adequate food and clothing. Moreover, she pointed to problems concerning drug abuse, alcohol, and school truancy. Father did not testify.

Without making findings of fact, the court sustained respondent's motion to modify child custody.

■ We first reject Mother's allegation as to the failure of proof of fitness of the father to be custodian of the child. At the time of the original divorce she agreed to his fitness by her stipulation that he was to have custody of the two children and temporary custody of the others. See *Olson v. Olson*, 184 S.W.2d 768, 773 (Mo.App.1945). When the court followed the stipulation and granted him custody of two children and temporary custody of the others, the court necessarily found at that time he was a fit parent. *Pelts v. Pelts*, 425 S.W.2d 269, 270 (Mo.App.1968). These circumstances, in addition to the testimony of the child regarding her father's fitness as a parent were sufficient to sustain his burden. Because of its superior position for judging credibility, the circuit court could disbelieve the testimony of the mother.

Mother next contends that Father failed to show any significant change of circumstances that would warrant modification of the custody decree.

■ Once custody has been fixed, the court may make a modification only upon a showing of changed circumstances of the child or custodian as manifested by facts which have arisen since the prior decree or which existed at the time of the decree but were unknown to or concealed from the court. Furthermore, the modification must serve the best interests of the child. § 452.410 RSMo (Supp.1975); *J. L. W. v. D. C. W.*, 519 S.W.2d 724, 729 (Mo.App.1975). This same general rule was applied by the courts before the enactment of the Dissolu-

tion Statute. *Lickteig v. Goins*, 458 S.W.2d 596, 599 (Mo.App.1970). The burden of showing a change of conditions requiring the transfer of custody is on the moving party. *L. H. Y. v. J. M. Y.*, 535 S.W.2d 304, 307 (Mo.App.1976). We believe that evidence of the change in the daughter's age, coupled with her testimony as to the deteriorated nature of her relationship with her mother, was sufficient to meet this burden. Specifically, the increased age of a child since the previous custody order can, by itself, constitute a "changed circumstance" which a court may properly consider in modifying the prior custody order. *Blair v. Blair*, 505 S.W.2d 444, 447 (Mo.App.1974); *Cascio v. Cascio*, 485 S.W.2d 857, 859 (Mo. App.1972).

Section 452.375 RSMo. (Supp.1975) states:

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interaction and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school, and community; and

(5) The mental and physical health of all individuals involved.

The mother contends that the court placed too much emphasis on the wishes of the child and that it did not consider the other factors enumerated in the statute. In *L. H. Y. v. J. M. Y.*, 535 S.W.2d at 306, the court stated: "In our review of this case, we proceed on the presumption that the trial court studied all of the evidence thoroughly and decreed custody in the manner it believed would be in the best interests of the child." The trial court is "in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be com-

pletely revealed by the record." (Emphasis in original.) *E_ (S_) v. E_*, 507 S.W.2d 681 (Mo.App.1974).

■ The evidence in the record revealed the father's love for the child, the child's maturity and wishes, the nature of her existing relationship with her mother, and the suitability of the living quarters offered by the father as well as the mother. We believe this to be sufficient evidence to support the court's determination that transfer was in the best interests of the child. Also in this regard, we note the degree of effort made by the trial court to determine from the child the basis for her preference for her father. The court did not rely on a simple statement of choice. Applying the standard of review of *Murphy v. Carron*, 536 S.W.2d 30 [1] (Mo.banc 1976), we affirm.

■ This case should not be used for the proposition that a child can always pick its custodial parent. We are aware of the pressures upon both children and parents; further, we recognize that children can be enticed by one parent from the other by many factors, including the desire of a child to get away from strong discipline. In considering the wishes of the child, it is important to ascertain and evaluate the basis for these wishes, so that the court can properly place this element in its proper perspective in deciding what is in the best interest of the child. The record in this case reveals extensive conversation between the court and child as to many factors of the child's life, past, present, and future. The court did not proceed as an advocate, maintained its proper stance, and from the testimony had much more information to consider than simply the child's expressed wishes.

Affirmed.

CLEMENS and GUNN, JJ., concur.