In re the MARRIAGE of Rose A. CAMPBELL (Lofton), Petitioner-Respondent,

and

James S. Campbell, Respondent-Appellant.

No. 11242.

Missouri Court of Appeals, Southern District, Division Two.

May 12, 1980.

---

George C. Baldridge, Joplin, for respondent-appellant.

Phillip A. Glades, Joplin, for petitioner-respondent.

MAUS, Judge.

This child custody case has a somewhat novel background. The parties were reared in Jasper County and were married there in 1965. After the two children involved were born, the petitioner mother pursued a college education and graduated in December, 1973. Very soon thereafter the family moved to Nebraska where the mother had found professional employment. The parents separated sometime before August, 1976, the children remaining with the mother. A dissolution action was filed in Nebraska and on August 2, 1976, a temporary order was entered apparently continuing her custody. On April 18, 1977, a decree was entered dissolving the marriage, approving a property settlement, but taking under advisement the permanent custody of the minor children until a future hearing on that issue, the temporary order continuing in effect. This future hearing was apparently set for November 7, 1977. On that day, according to the undisputed and unobjected to testimony of the parties, no hearing was held but the children were interviewed and after an attorney-court conference a supplemental decree was entered. This supplemental decree placed custody in the District Court but awarded possession of the children to the paternal grandmother in Jasper County, Missouri, until after the current school year when the court would make a permanent award. The Nebraska court is reported to have told the father to move there and live with them. The father did that. The day following this decree the mother quit her job and returned to live with her mother in Jasper County. Since that time until the hearing upon the "motion" in this case, the children resided with the paternal grandmother in Jasper County.

With this background, the parties agreed that the Circuit Court of Jasper County had jurisdiction to determine custody of the children and that even though the mother's pleading seeking custody was entitled "Motion to Modify" the issue should be determined as if it were an original determination of permanent custody of the two minor children. The case will be considered on that basis in this court. A lengthy, detailed statement of the evidence is not required. The following is a summary of the evidence upon the principal issue involved.

The father has not remarried but lives with his mother and the children. The paternal grandmother is 56 years of age and is evidently employed, although the record does not disclose the nature of that employment. Her marriage to the paternal grandfather was dissolved approximately five years ago. The father works with his father in the earth moving business. The father is attentive to the children and associates with them in a parental manner. He has a motorcycle and bought the children small motorcycles which they ride in a field and other off-street areas. The father had vague plans about building a home on a 20 acre tract he owns and moving to that home where he will care for the children. The mother had complaints about limitations upon her visitation and periods of temporary custody. The father denied such limitations but guessed his mother made the decisions about those matters. One of the children related that his grandmother said his mother could come over any time, but not their stepfather. The father admitted the petitioner was a good mother and stated that he was resisting her motion for custody primarily because of the desires of the children to live with him.

The mother has remarried. She met her present husband at work in Nebraska and became a friend while the dissolution action was pending. She emphatically stated that her interest in him did not cause the dissolution of her prior marriage. Her present husband moved to Missouri shortly after the mother and they were married. The present husband is a civil engineer and is so employed. He and the petitioner have purchased and live in an attractive home which they have prepared as a home for the two children in question. The present husband

desires that these children be placed in the custody of his wife. The mother is not working and outlined her plans for the adjustment of the children in her home. She also presented to the court her reasons for her belief that it was not in the best interests of the children that they remain in the custody of their father or paternal grandmother.

The court interviewed the two children, ages 9 and 12 at the time of the hearing, pursuant to § 452.385, RSMo. The attorneys were permitted to examine and cross-examine. The results of this interrogation may be summarized: the children get along well with their grandmother and father and are happy living with them; they like their mother and enjoy staying with her and associating with her and her relatives; even though he is nice to them, they do not like their stepfather as they feel he is the reason their parents are separated; and they prefer to live with their grandmother and father.

The mother recognized this preference, but felt the children were too young to determine what was for their best interests in the long run. She expressed her belief that "their minds had been poisoned" and "they have been taught over the last 11 months that he [referring to the stepfather] is not their father and I am sure their father has told them every day that their mother ran off with another man". Neither the grandmother nor the father denied such actions.

With the background of this preference and the other evidence the trial court undertook the unenviable task of determining what custody would be in the best interests of the children. While no findings of fact or conclusions of law were requested, upon reaching a decision he wrote a letter to the attorneys for relay to the parents because as he soundly observed, the welfare of the children would depend upon the parents' reactions to his decision. In the letter he set forth at least some of the reasons for his decision and expressed a hope the parents would react maturely. By agreement that letter has been incorporated in the transcript for consideration by this court. The trial court found that neither parent was unfit; that the children's preference had been influenced by lavish attention received from the father, citing the motorcycles; and "after observing the parties on the stand and in the courtroom" and considering all the testimony concluded the mother offered a more stable home and would give firmer guidance through the difficult teenage years ahead. It was the judgment of the trial court that the mother have the custody of the two children with the father to have reasonable visitation and temporary custody two weekends per month and four weeks each summer. The mother was awarded child support of $75 per month per child. The father has appealed.

His sole point on appeal is that the trial court erred in not following the preference of the children as required by § 452.-375, RSMo, when all other sub-sections of § 452.375 were equal between the parents or were in favor of the father having custody. This point misconceives the direction of § 452.375. That direction is to "determine custody in accordance with the best interests of the child". The statute then provides that in making the determination the court shall consider *all relevant factors* including, but certainly not limited to, the five specifically mentioned factors, one of which is the preference of the child. The statute does not make that preference, nor any or all of the specifically mentioned factors, controlling, but only directs that they be considered. *Hahn v. Hahn*, 569 S.W.2d 775 (Mo.App.1978). "In considering the wishes of the child, it is important to ascertain and evaluate the basis for these wishes, so that the court can properly place this element in its proper perspective in deciding what is in the best interest of the child." *McBride v. McBride*, 579 S.W.2d 388, 390 (Mo.App.1979). The trial court fully complied with that direction as evidenced by the finding that the preference resulted from lavish attention. The trial court could have, and perhaps did without expression of the same, considered that the preference was also fostered by the influence of the

father in relating to the children accusations concerning the conduct of their mother. A preference resulting from such attention or influence, rather than being favorable, may provide a reason for denying custody to the parent displaying such attention or exerting influence in such a manner. *In re Marriage of B__ A__ S__*, 541 S.W.2d 762 (Mo.App.1976); *Garrett v. Garrett*, 464 S.W.2d 740 (Mo.App.1971); *Wells v. Wells*, 117 S.W.2d 700 (Mo.App.1938).

It is true the trial court found that neither parent was an unfit custodian. However, this is not tantamount to a determination that the best interests of the children would be equally served by custody being in either parent. The express determination of the trial court is to the contrary. A detailed statement of the evidence of *all relevant factors* from which the trial court determined the home of the mother and stepfather offered greater stability would serve no purpose except perhaps deepen the animosity between the parents, which as the trial court observed must be subliminal to promote the best interests of the children. Suffice it to say, the trial court correctly declared and applied the law, the judgment is supported by the evidence and is affirmed. *Korn v. Korn*, 584 S.W.2d 179 (Mo.App.1979); *In re Marriage of B__ A__ S__*, supra; *In the Interest of B. B.*, 537 S.W.2d 682, 683 (Mo.App.1976); *Kanady v. Kanady*, 527 S.W.2d 704 (Mo.App.1975). The judgment is affirmed.

BILLINGS, P. J., and HOGAN, J., concur.