Kenneth M. KAYS, Respondent-Appellant,

v.

Joyce E. (Kays) CURTIS, Appellant-Respondent.

No. WD 32892.

Missouri Court of Appeals, Western District.

March 15, 1983.

Channing D. Blaeuer, Cynthia A. Suter, Blaeuer & Suter, Moberly, for Kenneth M. Kays.

Anne W. Elsberry, Moberly, Hunter, Chamier, Lee & Elsberry, Roger P. Krumm, Holt, Krumm, Hamilton, Mays & Shryock, Fulton, for Joyce E. Curtis.

Before TURNAGE, P.J., and CLARK and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Joyce (Kays) Curtis filed a motion to modify a dissolution decree by increasing the amount of child support being paid by Kenneth Kays for the support of their three children. In response, Kenneth filed an answer together with a motion seeking to hold Joyce in contempt for failure to comply with the visitation privileges of the dissolution decree, and a motion to modify the decree by vesting custody of the three children in him. He also prayed that the costs and expenses be assessed against Joyce, and requested that a reasonable attorney fee be paid to him by Joyce.

The court entered an order modifying the decree to increase the amount of child sup-

port paid by Kenneth to Joyce from $300 per month per child to $650 per month per child, and found in favor of Joyce on all of Kenneth's motions. In addition, the court granted Joyce attorney fees to be paid by Kenneth in the amount of $12,000, and awarded the guardian ad litem appointed for the children a total of $1,966.32.

Kenneth appeals, contending that the evidence did not justify modifying the amount of child support, that Joyce did not show circumstances justifying the attorney fees awarded in her favor, and that the amount of the attorney fee and the guardian ad litem fee was unreasonable. Affirmed as modified.

The marriage of Joyce and Kenneth was dissolved on September 6, 1978. There were three children born of their marriage, a boy and two girls, whose respective ages on the date of the dissolution were fifteen, thirteen, and eleven. Kenneth is a practicing physician specializing in radiology. Joyce and Kenneth had lived in Columbia prior to their dissolution, and after that event Joyce continued to live in the same home with the children. In October of 1979, Joyce married Dr. Jack Curtis, a cardiovascular surgeon. After her remarriage she and her husband together with the children continued to reside in the same home.

Joyce's motion was heard on April 2 and 3, 1981. Joyce testified that since the dissolution, the son had attained the age which enabled him to drive an automobile, and the daughters had progressed well into adolescence. Joyce testified that the children's needs had grown more expensive as they had grown older, and that Dr. Curtis had contributed substantial sums to the support of the children because the $300 per month had proven to be inadequate.

Joyce further testified that at the time of the dissolution she had been employed, but that in December of 1978, her job was eliminated, and that since that time she had not been employed outside of the home. She testified that at the time of the hearing on the motion, her total assets were about $72,000, and she produced evidence which showed Kenneth's total assets to be about $334,000. Kenneth's income in 1980 was $148,508, supplemented by $37,000 which his medical corporation had contributed to a pension plan. In addition, he received other benefits from his medical corporation, such as a car and insurance.

■ Kenneth first contends that there was no evidence to support the increase in the amount of child support to be paid by him. Kenneth's complaint regarding this issue is confined to the sufficiency of the evidence, and he does not argue that the new amount is excessive or unreasonable. This court finds that there was substantial evidence of the increased needs and expenses of the growing children sufficient to carry Joyce's burden of proving that an increase in the amount of child support was necessary. *Blair v. Blair*, 571 S.W.2d 480, 482[1] (Mo.App.1978). Thus, the judgment increasing the child support is affirmed.

■ Kenneth next contends that the court should not have awarded attorney fees to Joyce. Section 452.355, RSMo 1978, authorizes the court to award attorney fees in actions such as this one after considering all relevant factors, including the financial resources of both parties. In light of the disparity between the financial resources of Joyce and Kenneth, the trial court did not abuse its discretion in awarding Joyce attorney fees. *In re the Marriage of Zuniga*, 622 S.W.2d 705, 706[4] (Mo.App.1981).

■ This does not necessarily mean that the amount of the award was proper. Section 452.355 provides that the court may award a reasonable sum for attorney fees. In reviewing an award of attorney fees, this court may act only if it determines that the trial court abused its discretion. *Stegemann v. Fauk*, 571 S.W.2d 697, 701[6] (Mo.App.1978). If such an abuse is found, this court is qualified to determine the reasonable value of legal services rendered. *Fisher v. Peterson*, 240 S.W.2d 176, 179[5–6] (Mo.App.1951).

■ The trial of this case lasted two days, and from the time that Joyce filed her motion in November of 1979, until the hearing in April of 1981, there was extensive discovery, including a number of depositions. However, the issues presented by the motions in this case were not complex, but rather were straight forward questions regarding the custody of the children and the amount of child support. A thorough review of the record convinces this court that the award of $12,000 in attorney fees was excessive and constitutes an abuse of discretion. This court concludes that a reasonable attorney fee to be awarded Joyce in this case is $9,000.

■ Kenneth finally contends that the fees awarded to the guardian ad litem were also unreasonable. Although the record reflects that the guardian ad litem was present at the hearing, the record fails to reveal any acts of participation by the guardian at that hearing. Based on these facts, this court concludes that the award of $1,966.32 to the guardian ad litem constitutes an abuse of discretion, and that a reasonable fee for his services is $1,200.

The judgment increasing the child support to be paid by Kenneth to Joyce of $650 per month per child is affirmed. The judgment awarding Joyce $12,000 for attorney fees and $1,966.32 for guardian ad litem fees is reversed and the court is directed to enter an award to Joyce of $9,000 for attorney fees and $1,200 for guardian ad litem fees. The costs on this appeal are assessed against Kenneth.

KENNEDY, J., concurs.

CLARK, J., concurs in separate opinion.

CLARK, Judge, concurring.

The subject case, a straightforward contest over modification of child support and custody provisions in a dissolution decree, demonstrates the extreme to which the bench and bar have indulged litigious spouses who utilize the judicial machinery to perpetuate their marital discord. In the opinion of the author, imposition of restraint on these excesses is long overdue.

The genesis of the controversy was the wife's demand that contribution of the husband to the support of the children be increased commensurate with their needs and his means which had altered since the decree was entered. As the principal opinion points out, the husband's beneficial income in 1980 was at least $180,000 per year and, with perquisites, substantially more. That amount was approximately double what he had received in 1978 when the decree of dissolution was entered. Justification for an increase in child support, further warranted by discontinuance of maintenance to the wife on her remarriage, was not debatable, only the amount.

In place of meeting the question of appropriate amount of child support on the merits of that issue, the husband countered by seeking a contempt citation against the wife for not meeting the visitation requirements of the decree and he also moved to transfer custody of the children from the wife. The custody and visitation questions were resolved against the husband and in the appeal, no claim of any error in that result is lodged. In fact, the record justifies the conclusion that the countermoves made by the husband in the trial court were tactically defensive.

Joinder of contest on the modification motions was accompanied by an extravagant overutilization of lawyers' services during some fourteen months thereafter, ostensibly in preparation for trial. The wife was represented by attorneys in Moberly who, as the case progressed, deemed it necessary to associate additional counsel from Fulton. These efforts culminated in a two day trial and this appeal. We have only the fee charges and time records of the wife's attorneys and then, only through the first day of trial, but their services are billed on the basis of more than 300 hours time devoted exclusively to preparation and presentation of the motion to increase child

support and defense of the motion to change custody.

The record suggests that the husband's attorneys were no less active, and moreover, expenses were also incurred for outside professional consultants. Conservatively estimated, the fees and expenses for both parties engendered by the modification motion have now exceeded $40,000.00.

The principal opinion holds the allowance made by the trial court to the wife as the husband's contribution to her attorney fees was an abuse of discretion. The amount is reduced by one-fourth and the result is held to be a reasonable attorney fee. While I concur in the result in the case and take no issue with the necessity to resolve the appeal on the basis adopted, I am compelled to express my opinion that the fee is not reasonable in the sense that on no rational basis could more than 300 hours of time be justified in preparation and presentation of the motions at issue in this case.

The opinion in *Murphy v. Grisham,* 625 S.W.2d 215 (Mo.App.1981) points out that in determining the value of legal services, time spent is only one element and it may be a minor one. Other considerations include the nature and importance of the litigation, the amount of money involved and the degree of professional skill required to render the service. By all of these measures, except time spent, the subject case does not justify allowance of the wife's attorney fees even in the reduced amount set in the principal opinion. If, however, counsel continue to participate and encourage improvident contentiousness in litigation and if the courts reward that endeavor by fees such as are involved here, the practice will continue and the profession and the judiciary will be diminished accordingly.