MARTIN COIN COMPANY OF ST. LOUIS, Petitioner,

v.

Richard A. KING, Director of Revenue, State of Missouri, Respondent.

No. 65343.

Supreme Court of Missouri, En Banc.

March 20, 1984.

---

Mark E. Goodman, St. Louis, for petitioner.

John Ashcroft, Atty. Gen., Melodie Powell, Asst. Atty. Gen., Jefferson City, Richard L. Wieler, Bruce Farmer, Jefferson City, for respondent.

BILLINGS, Judge.

Appellant Martin Coin Company of St. Louis lodged this appeal from the decision of the Administrative Hearing Commission which upheld the validity of an assessment by the Missouri Department of Revenue of unpaid sales taxes for sales of South African Krugerrands, Mexican Pesos and Canadian Maple Leaf coins.[1] We affirm.

Martin Coin contends the Commission's decision is not authorized by law and not supported by competent and substantial evidence. In support of its position it argues that it was merely acting as an agent for its customers in obtaining the coins and made no sales at retail within the meaning of § 144.010.1(8), RSMo 1978; further, that the Krugerrands and other similar coins are a medium of exchange, not a commodity, and, consequently, not taxable as tangible personal property.

The scope of our review is delineated by § 161.338, RSMo 1978, which provides that the decision of the Commission "shall be upheld when authorized by law and supported by competent and substantial evidence upon the whole record."

Martin Coin is a Missouri corporation and conducts business at locations in St. Ann, Marlborough, Manchester and St. Louis. It is in the business of selling coins, stamps, jewelry and related coin supplies.

---

1. The appeal was originally filed in the Missouri Court of Appeals, Eastern District. That court concluded the issues involved construction of the revenue laws and ordered the case transferred to this Court. Mo. Const. art. V, § 3.

It maintains a regular stock of inventory of certain rare coins, stamps, jewelry and coin collector supplies. Two or three gold and silver coins such as South African Krugerrands, Mexican Pesos and Canadian Maple Leaf are displayed at each of its stores. Martin Coin obtains these types of coins per customer order if a customer wants several. A customer for the subject coins would be quoted a price certain for the coins and advised it would be approximately a week for Martin Coin to deliver the coins. Some customers would be required to make a deposit before Martin Coin ordered the coins from its supplier. Martin Coin would fill out a sale invoice for the coins. Thereafter, Martin Coin contacted coin dealers in New York, Indiana, Texas or California with whom it had a line of credit and requested the coins be sent to the applicable store. Upon receipt of the coins, Martin Coin notified the customer and upon payment of the balance due, the coins would be delivered to the customer. The proceeds from the sale were deposited in Martin Coin's bank account and it paid the supplier for the coins.

The Director of Revenue assessed taxes and interest upon gross receipts for the months September, 1977, to and including January, 1978. It was agreed this period was barred by the statute of limitations and involved gross receipts of $463,748.46. The trading in Krugerrands and similar coins subsequent to January, 1978, resulted in gross receipts of $60,204.92 which were subjected to taxes and interest under the assessment. Martin Coin stipulated that the Krugerrand[2] does not have an official or face value and its worth is primarily determined by the value of the weight and quality of its gold content.

2. The parties further stipulated that their joint stipulation regarding Krugerrands was likewise applicable to the Mexican Peso and Canadian Leaf coins.

3. Rule 12 CSR 10–3.124 promulgated by the Director of Revenue [§ 144.270 RSMo 1978] provides:
   (1) When any coin or currency is exchanged in the open market, at the current exchange rate, such transaction is not subject to the

In *Scotchman's Coin Shop v. Administrative Hearing Comm'n*, 654 S.W.2d 873 (Mo. banc 1983), we considered and rejected the contention that certain United States silver coins, South African Krugerrands, and Engelhard silver bars were money and intangible personal property not subject to Missouri sales tax and affirmed the decision that assessed sales tax on the sales of those coins and silver bars. In so ruling, we said: "When sold for their value as precious metal, the coins and bars were sold as tangible personal property subject to sales tax." *Id.* at 875.[3]

Here, there is ample competent and substantial evidence that the sales of the subject coins were based upon the precious metal content of the coins and, consequently, resulted in the sale of tangible personal property subject to the Missouri sales tax.

Martin Coin claims that the Commission's determination that in its buying and selling Krugerrands and similar coins it was a party to two separate transactions is erroneous; that Martin Coin acted as an agent for "principals" in a single transaction.

In rejecting Martin Coin's contention, the Commission relied upon *Williams & Co. v. School District of Pittsburgh*, 430 Pa. 509, 244 A.2d 37 (1968). In that case a taxpayer accepted orders from its customers and then placed its own order with its supplier for the same quantity of material and arranged for shipment to be made directly to the customer. In holding that the taxpayer was subject to sales tax, the Supreme Court of Pennsylvania said at 38, 39:

It [Taxpayer] buys the goods involved on its own account and sells them to the customer on its own terms. Two sepa-

sales tax. However, when coins or currency, although acceptable as legal tender, are purchased at rates not reflecting actual currency value, for numismatic collection purposes *or where the precious metal content of the coins determines their value, the transaction is the sale of tangible personal property subject to the sales tax.*
(2) Sales of bullion are subject to sales tax (emphasis added).

rate contracts are involved in these transactions. One between Taxpayer and the supplier; another between Taxpayer and its customers.

\* \* \* \* \* \*

These two separate contracts ... cannot accurately be collapsed into one, leaving Taxpayer a mere conduit between supplier and customer. The Taxpayer's rights and obligations reflect its status as a real buyer who resells the supplier's products. For example, the suppliers look only to the Taxpayer for payment and the Taxpayer bears the risk of nonpayment by its customers.

■ Here, Martin Coin is engaged in buying and selling coins—at four locations. It purchases Krugerrands and similar coins on its own line of credit and agrees to pay its supplier for coins ordered. The supplier looks to Martin Coin for payment for coins ordered by it. Martin Coin sells the coins to its customers on its own terms and bears the risk of nonpayment by its customer, suing customers who fail to pay the agreed upon price. The customer pays Martin Coin for coins delivered to the customer and the proceeds of the sale are deposited in Martin Coin's bank account. And, Martin Coin pays the supplier for the coins ordered and delivered. As held in *Williams, supra,* and *Beitzel v. State,* 2 Mich. App. 311, 139 N.W.2d 780 (1966), Martin Coin is a party to two separate transactions: (1) as a purchaser of coins from suppliers, and (2) a seller of coins to its customers. We think it is clear that there is competent and substantial evidence to support the Commission's findings and conclusions that Martin Coin made *sales* of Krugerrands and other similar coins *at retail* to its customers and the transactions are subject to Missouri sales tax.

■ Throughout its brief Martin Coin labels itself as simply an "agent" and describes its customers as "principals", and by reason of the self-styled agency relationship, the subject transactions are not subject to sales tax. A fundamental and essential element of an agency relationship is the principal's right to control the conduct of the agent with respect to matters entrusted to him. 2A C.J.S. *Agency* § 6 (1972). The record is wholly devoid of any facts or circumstances indicating *any* right of control by the customers in Martin Coin's acquisition and delivery of the coins. Martin Coin was to receive from its customers a fixed and certain sum of money for coins ordered and delivered, irrespective of the price it paid its supplier. In ordering the coins, Martin Coin acted in its own name. Martin Coin was charged by the supplier for the coins. The coins were transferred to Martin Coin by the supplier. Martin Coin paid its supplier for the coins. Martin Coin operated a business which regularly bought and sold coins. *See* Restatement (Second) of Agency § 14K (1957). The relationship of principal and agent cannot be presumed but must be proved by the party asserting the existence of such relationship. *Dudley v. Dumont,* 526 S.W.2d 839, 843–44 (Mo.App.1975). Martin Coin failed to sustain that burden.

In its *reply* brief Martin Coin asserts the Commission's construction of § 144.020.1, RSMo 1978, violates the United States Constitution because the state taxation of transactions involving Krugerrands invades the federal government's exclusive power to regulate foreign commerce. " 'Issues submitted in an appellant's brief on original submission are not to be enlarged by presentations in a reply brief as a respondent is entitled to an opportunity to answer an issue presented by an appellant.' " *Page v. Metropolitan St. Louis Sewer District,* 377 S.W.2d 348, 354 (Mo. 1964) (citations omitted).

The judgment is affirmed.

All concur.