Vanessa Crawford WISE,
Petitioner-Respondent,

v.

Keith Arnold CRAWFORD,
Respondent-Appellant.

No. 48944.

Missouri Court of Appeals,
Eastern District,
Division One.

June 25, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1985.

---

Lena A. Conley, St. Louis, for respondent-appellant.

Cynthia S. Holmes, St. Louis, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

On October 31, 1977, the Circuit Court of the City of St. Louis entered a Decree of Dissolution dissolving the marriage of respondent Vanessa Crawford Wise and appellant Keith Arnold Crawford. There were two children born of the marriage: Tracie Sherelle Crawford born December 19, 1969 and Terence Scott Crawford, born February 19, 1971. The terms of the Decree of Dissolution awarded the primary custody and control of Tracie to respondent and the primary care, custody and control of Terence to appellant. In 1979, respondent filed a Motion to Modify Custody of the minor children, which resulted in a modification of the prior decree. This modification set forth the specific rights of each non-custodial parent, regarding temporary custody and visitation of their respective minor children.

In June of 1983, respondent again petitioned the court to modify the custody of the minor children. The trial court in this action, awarded respondent custody of both minor children. The court further ordered appellant to pay child support of seventy dollars per week per child as well as respondent's attorney fees and court costs. The court costs included the fees of the two guardians ad litem.

We affirm in part and reverse in part.

Appellant raises five points on appeal:

1) Whether substantial evidence existed to support the modification and transfer of custody of the minor child Terence;

2) Whether the court abused its discretion by ordering appellant to pay $70.00 per week per child to respondent as and for child support;

3) Whether the court abused its discretion by awarding unreasonably excessive fees to the court appointed guardians ad litem;

4) Whether the court abused its discretion in proceeding with the modification hearing after denying respondent's motion for continuance and by allegedly harassing appellant throughout the hearing.

5) Whether the court abused its discretion in its award of attorney fees to respondent;

## I.

■ Appellant's first point contends that there was no substantial evidence to support the modification and transfer of custody of the minor child Terence Scott Crawford to respondent. In resolving this issue, we look to the best interests of the child pursuant to the statutory "relevant factors" outlined in Section 452.375 RSMo (Supp.1983). *Leimar v. Leimar*, 670 S.W.2d 571 (Mo.App.1984). Section 452.375 provides:

The court shall determine custody in accordance with the best interests of the child. The court shall consider all relevant factors including:

(1) The wishes of the child's parents as to his custody;

(2) The wishes of a child as to his custodian;

(3) The interactions and interrelationship of the child with his parents, his siblings, and any other person who may significantly affect the child's best interests;

(4) The child's adjustment to his home, school and community;

(5) The mental and physical health of all individuals involved; and

(6) The needs of the child for a continuing relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child.

The evidence in the record supports the trial court's findings. The record indicates that appellant refused and disrupted respondent's exercise of her rights to temporary custody of Terence under the decree. Appellant's disturbance in the visitation with the children is found throughout the history of the case since the divorce.

Further, the record more than amply demonstrates the desire of both children to live together with respondent, as well as their concern, care, and love for each other. Testimony from Terence, Tracie, and respondent indicates a sincere and strong desire of each to reunite as a family. Further, the record shows that Terence's wishes as to his custodian do not arise from ill feelings toward his father. Terence testified he loves his father and desires to continue a relationship with him. The record also provided evidence that adjustment to the new school and community would not constitute any hardship, or result in a loss of any opportunity to Terence.

The trial court, after hearing all the evidence and observing the witnesses, determined that a transfer of custody of Terence to respondent was in the best interest of the minor child. The evidence supports this determination.

However, appellant argues that these findings do not constitute sufficient or significant changed circumstances as to justify a change of custody. We disagree. The trial court found that:

Respondent-husband, prior to Petitioner's 1979 Motion to Modify, refused to grant Petitioner any reasonable temporary custody or visitation with Terence Scott Crawford, said denial continuing through the entry of the Decree of Modification in 1981.

Respondent-husband, prior to Petitioner's filing the present Motion in June, 1983, denied Petitioner-wife rights to temporary custody and visitation with Terence Scott Crawford, said denial continuing through the entry of this Decree.

Each child, when interviewed in Chambers, outside of the hearing of the parents, indicated that they desired to reside with Petitioner-wife and that they wanted to reside together in the same household with the same custodial parent.

Each child expressed valid reasons for their desire that the primary custody of Tracie remain with the mother, and the primary custody of Terence be changed to the mother.

The evidence presented a substantial and continuous change in circumstances which rendered the child custody and support terms of the original Decree and modification previously entered unreasonable.

In support of his argument, appellant contends that the court relied too much on the wishes of the child as to who his custodian should be and further, that Terence's custody preference resulted from undue influence. Appellant cites the proposition stated in *In Re Marriage of Campbell,* 599 S.W.2d 256 (Mo.App.1980) and *McBride v. McBride,* 579 S.W.2d 388 (Mo.App.1979) that in considering the wishes of the child it is important to ascertain and evaluate the basis for those wishes. By performing this analysis the court, in deciding what is in the best interest of the child, can properly place that element in its proper perspective. A review of the record, as noted above, indicates the trial judge diligently performed this analysis. The trial judge then correctly found that Terence expressed valid reasons for his desire to live with his mother.

The *McBride* Court held: "In our review of this case, we proceed on the presumption that the trial court studied all of the evidence thoroughly and decreed custody in the manner it believed would be in the best interests of the child. The trial court is in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record." 579 S.W.2d 388 at 390 (Mo.App. 1979) quoting *L.H.Y. v. J.M.Y.,* 535 S.W.2d 304, 306 (Mo.App.1976).

Appellant additionally cites the proposition outlined in *Schmidt v. Schmidt,* 591 S.W.2d 260 (Mo.App.1979) that there is value in a child being kept with the parent who has custody. The custody change in *Schmidt* sought to trade a stable and disciplined child-rearing environment for an unknown and dubious situation. The party seeking the custody change in *Schmidt* was a recently recovered alcoholic and her second marriage was under strain. The evidence in the record of the case at bar, however, presents a situation for review antithetical to the one in *Schmidt.*

■ Unlike *Schmidt,* respondent has proved herself to be a competent mother. More importantly, absent exceptional circumstances, the children of divorced parents should not be separated. *Dutton v. Dutton,* 668 S.W.2d 585, 589 (Mo.App. 1984); *In re Marriage of Mihalovich,* 659 S.W.2d 798, 801 (Mo.App.1983). The guardians for both minor children concurred with the trial court's finding that both children should be together with the respondent. The decree at bar must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. Under this standard of review stated in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), we affirm the modification and transfer of custody.

## II.

Appellant next contends that the trial court abused its discretion in ordering him to pay $70.00 per week per child to respondent as and for child support. The trial court has considerable discretion in setting awards of child support. We will not substitute our judgment for that of a trial court absent a manifest abuse of discre-

tion. *Bacon v. Bacon*, 670 S.W.2d 594, 596 (Mo.App.1984).

In determining the proper amount of child support to be paid the court must balance the needs of the child and the ability of the non-custodial parent to pay. [670 S.W.2d at 596]. Appellant's net take home pay at the time of hearing was $494.00 per week. Appellant's allegation that the court refused to consider his necessary living expenses or the needs of the children is unsubstantiated. The record does not reveal any evidence supporting appellant's contention, that the support award so exceeded his ability to pay, as to be self defeating in incentive to continue gainful employment. *L.J.S. v. V.H.S.*, 514 S.W.2d 1, 8 (Mo.App.1974). Indeed, the record shows just the opposite. A careful review of the entire record before the court below, indicates the trial judge did not abuse her discretion in the child support award of $70.00 per week per child.

### III.

In the third issue raised by appellant, he contends the trial judge abused its discretion by awarding unreasonably excessive fees to the guardians ad litem. In support of this argument, appellant relies on *Kays v. Curtis*, 648 S.W.2d 901 (Mo. App.1983) where we held an award of $1,966.32 to a guardian ad litem to be excessive. In *Kays*, a dissolution decree modification case, the guardian was present at, yet did not participate in the two day hearing. This court reduced the award in that case to $1,200.00.

In the case before us, Terence's guardian received $900.00 and Tracie's received $750.00. In contrast to *Kays*, the guardians here actively participated in hearings which extended to four separate days. This time and participation, when added to the time expended in preparation and in meetings with the various parties, more than justifies the award.

Judge Clark's concurrence in *Kays* provides further justification why that holding is inapplicable here. The concurrence reveals that *Kays* involved counsel's partic-

ipation and encouragement of improvident contentiousness in litigation. In such a situation, a finding that the fees awarded were excessive is understandable. Where, however, as the record reflects here, guardians fully participate and vigorously protect important interests of each child represented, a contention such as set forth by appellant, fails to present any merit worthy of consideration.

In his reply brief, appellant for the first time asserts that the guardian ad litem fees were improperly taxed to him. "Issues submitted in an appellant's brief on original submission are not to be enlarged by presentations in a reply brief as a respondent is entitled to an opportunity to answer an issue presented by an appellant." *Martin Coin Company of St. Louis v. King*, 665 S.W.2d 939, 942 (Mo. banc 1984); *Page v. Metropolitan St. Louis Sewer District*, 377 S.W.2d 348, 354 (Mo.1964) (citations omitted). The trial court's award is affirmed.

### IV.

Appellant's fourth issue contends that the trial court abused its discretion in proceeding with the modification hearing after denying respondent's motion for a continuance and by harassing appellant throughout the hearing. The record plainly demonstrates that appellant's contention lacks any merit worthy of our discussion. This issue is affirmed pursuant to Rule 84.16(b).

### V.

Lastly, appellant contends the trial court erred in the award of attorney's fees to respondent. Although award of fees rests in the discretion of the trial court, the award may be reversed on appeal where the trial court manifestly abuses this discretion. *L.J.S. v. V.H.S.*, 514 S.W.2d 1, 9 (Mo.App.1974) citing *Keefe v. Keefe*, 435 S.W.2d 313 (Mo.1968). "The fundamental consideration in determining whether the wife is entitled to an award of attorney fees is whether she is possessed of sufficient means to prosecute the suit on

her own." [514 S.W.2d at 9.] The record indicates that respondent's yearly income is at the least $18,000.00. Upon an analysis of the parties relative means, we find the trial court erred in its award of attorney's fees. The award of attorney's fees is reversed and vacated.

The judgment of the trial court is affirmed except as to attorney fees. The award of attorney fees to respondent is reversed and vacated.

CARL R. GAERTNER and KAROHL, JJ., concur.