**Harlan Leroy JONES, Appellant,**

v.

**Amy May Marie JONES, Respondent.**

**No. 14692.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 29, 1986.

Motion for Rehearing or to Transfer to
Supreme Court Denied
Jan. 20, 1987.

Application to Transfer Denied
March 17, 1987.

John E. Price, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for appellant.

Gary A. Kamp, Marble Hill, for respondent.

PREWITT, Presiding Judge.

The marriage of the parties was terminated by a divorce decree entered in the District Court of Harris County, Texas on June 25, 1984. In that decree appellant received primary custody of the two children of the parties, Pamela Sue Jones, a female born March 28, 1981, and Christopher Lance Jones, a male born August 15, 1983. On motion of respondent the Circuit Court of Bollinger County, Missouri modified the custody of Christopher Lance Jones, granting primary custody to respondent.

The parties met in Missouri, then went to Texas where they were married. Both children were born while the parties were living in Texas. On September 24, 1983, respondent separated from her husband. She left Texas with the children and moved to Glenallen, Missouri to live with her parents, apparently with appellant's consent. Respondent testified that she and appellant had not been "getting along" and she came back to Missouri to decide whether they should "stay together or not". After "about two or three weeks" respondent called appellant and informed him that she

was not going back to Texas and wanted a divorce.

Appellant then filed an action in the District Court of Harris County, Texas, seeking a divorce. By "pro se answer" respondent entered an appearance but did not appear at trial. Respondent does not contend here that the District Court of Harris County lacked jurisdiction to determine custody of the children.

After the district court terminated the marriage and awarded appellant primary custody of the children, he sought possession of them by an application for writ of habeas corpus filed in the Circuit Court of Bollinger County, Missouri. The habeas corpus proceedings are not in the record, but appellant was successful in receiving custody of Pamela Sue Jones on April 5, 1985. Why a different ruling was made regarding Christopher Lance Jones is not explained in the record.

Also on April 5, 1985, respondent, by motion, filed this action in the Circuit Court of Bollinger County, requesting that the court modify the Texas decree and grant her custody of both children.[1] Respondent's pleading contended that "since the rendering of the original decree of dissolution of marriage in the Texas Court a substantial change of circumstances has occurred concerning the custody of the minor children, that they have been in the custody of the Mother and have continued to remain in the custody of the Mother since the issuance of the decree of dissolution and that because of the constant relationship between the children and the Mother a special bonding relationship has occurred".

Appellant answered, denying that there was any basis for modification of custody. He contended that the Texas decree was entitled to full faith and credit and that the Circuit Court of Bollinger County was "an inappropriate and inconvenient forum to li-tigate said issues and this Honorable Court should decline to exercise its jurisdiction pursuant to the provisions of Section 452.-470, Revised Statutes of Missouri." Appellant also asserted that the circuit court should decline to exercise jurisdiction under § 452.475, RSMo 1978, because respondent had wrongfully taken the children from Texas and refused to follow that state's decree. Section 452.470, RSMo Supp.1984 and § 452.475, RSMo 1978 are a part of the "Uniform Child Custody Jurisdiction Act" as adopted in Missouri.[2]

The trial court found that there was a sufficient change of circumstances since the divorce decree to justify awarding respondent custody of Christopher since "Christopher Lance Jones has developed a bonding relationship with his mother, Movant Amy May Marie Jones, due to being in her sole custody since on or about September 24, 1983, said bonding relationship has strengthened as a result of Pamela Sue Jones being returned to the custody of her father on or about April 5, 1985". The trial court noted in its findings that there was no evidence that appellant was not a suitable custodian for the children.

■ The trial court had jurisdiction to decide Christopher's custody as Missouri was his "home state" at the time of the commencement of these proceedings. See § 452.450.1(1)(a), RSMo 1978; § 452.445(4), RSMo Supp.1984. Appellant does not question that jurisdiction, but contends that under § 452.475, RSMo 1978 and § 452.470, RSMo Supp.1984, the court should have declined to exercise its jurisdiction. The first sentence of § 452.475.2 states:

Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from

1. Although the Circuit Court of Bollinger County may have had jurisdiction to affect the Texas decree as hereinafter discussed, we fail to see how that court could modify a decree of another state although it could supersede a previous custody order and thus have the effect of a modification. As this action was instituted on the theory that it would be a modification of the

Texas decree, this apparently accounts for the style which lists appellant first, although this action was instituted by respondent.

2. For a discussion of jurisdiction under the Act generally, see J. Krauskopf, Child Custody Jurisdiction under the UCCJA, 34 J.Mo.B. 383 (1978).

the physical custody of the person entitled to custody or has improperly retained the child after a visit or other temporary relinquishment of physical custody.

Neither of the events described in that sentence occurred so it is not applicable. The record does not indicate that respondent violated any court decree in bringing the children to Missouri. They were brought here before appellant filed the divorce action and the only order in the record granting appellant custody of them was the final decree of divorce entered nine months after respondent returned to Missouri with the children.

■ The second sentence of § 452.475.2 provides that if "the petitioner has violated any other provision of a custody decree of another state, the court may decline to exercise its jurisdiction if this is just and proper under the circumstances." Appellant contends that respondent violated the Texas decree by refusing to allow him custody of the children and forcing him to seek a writ of habeas corpus. This latter sentence of § 452.475.2 as does § 452.470, "Inconvenient forum", provides that under specified circumstances the court "may decline to exercise its jurisdiction". These statutes imply discretion in the trial court. As the child lived in Missouri and much of the relevant evidence was from persons also residing here, the trial court did not abuse its discretion in exercising jurisdiction.

Appellant contends that even if the circuit court properly retained jurisdiction the evidence was insufficient to grant custody to respondent. Before considering if the evidence justified the change of custody we discuss respondent's assertion that a change of circumstances is not required here because the decree to be modified was rendered outside Missouri and the Uniform Child Custody Jurisdiction Act does not require a change in circumstances before custody is changed.

We disagree. Section 452.410, RSMo Supp.1984, after referring to jurisdictional requirements under § 452.450, RSMo Supp. 1978, a part of the Uniform Child Custody Jurisdiction Act, states that a modification shall not occur unless the court finds "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

■ The Uniform Child Custody Jurisdiction Act provides when courts have or should exercise jurisdiction but there is nothing in the Act purporting to determine what circumstances justify a modification of custody. No reason appears why § 452.410 should not be applicable when another state has previously granted or modified custody. The considerations for the determination of the best interests of the child would be the same whether the initial decree was entered in Texas or Missouri.[3] We conclude that § 452.410 applies in either event. A change in circumstances or a finding of unknown facts as they are stated in § 452.410, RSMo Supp.1984, is required to change custody whether the previous decree was rendered in Missouri or another jurisdiction.

We now discuss whether there was sufficient evidence to justify the change here. The evidence of "bonding" came from respondent and her mother. Respondent testified that she and Christopher are "very close. I don't hardly go anyplace without taking him". Respondent's mother said that Pamela and Christopher "were real close, you know. They got along good, and they were close to their mother." She said that before Pamela left it did not "hurt" Christopher "as bad" when his mother went somewhere without him, but now "he throws a fit and he wants to go with her." Respondent also testified that Pamela and

**3.** Under § 452.375, RSMo 1978, Missouri courts, considering "all relevant factors" are to determine custody of children "in accordance with the best interests of the child." For a thought provoking discussion of the problems in applying such a standard, see Chambers, Rethinking the Substantive Rules for Custody Disputes in Divorce, 83 Mich.L.Rev. 477 (1984).

Christopher were "very close. They played together all the time."

■ The "bonding" that occurred here happened either before the Texas decree and by the Texas court's holding was rejected as a reason for respondent to have custody, or it occurred after the Texas decree and contrary to its provisions. In either event, we do not believe that the bonding was a sufficient reason, even if it increased when Pamela Sue Jones left Missouri, to justify having one child live with one parent and one live with the other. In view of the animosity between the parties, apparently created in large part by respondent or her parents, the children would probably be raised entirely separate and never know each other.

■ Although the trial court has the power to award separate custody where it is in the best interests of the children, absent special circumstances, a child should not be separated from its sibling. *Feese v. Feese*, 613 S.W.2d 882, 887 (Mo.App.1981). See also *Morgan v. Morgan*, 701 S.W.2d 177, 182 (Mo.App.1985); *Wise v. Crawford*, 695 S.W.2d 487, 490 (Mo.App.1985). No special circumstances are shown. We determine that the evidence was insufficient to show conditions warranting a change in custody of Christopher Lance Jones.

Although satisfied that this decision is based on the best interests of Christopher in so far as that can be determined, we also are cognizant of the precedent of allowing a change in custody here. The change would have been based solely on circumstances that could not have occurred if the original custody decree had been followed.

■ Although bonding is a factor to be considered, courts should be reluctant to change prior custody based on bonding when it occurs in contravention of an earlier decree. To allow a change of custody under such circumstances would create less, not more, stability for children and would encourage parents seeking custody to ignore valid decrees. The best interests of children require a prompt and hopefully permanent disposition of their custody.

The judgment is reversed and the cause remanded to the trial court, and it is directed to set aside the portion of the judgment granting the custody of Christopher Lance Jones to respondent and to enter judgment denying respondent's motion.

HOGAN, FLANIGAN and MAUS, JJ., concur.