LOSANA CORP., APPELLANT, *v.* PORTERFIELD, TAX COMMR., APPELLEE.

(No. 40840—Decided April 17, 1968.)

44

*Messrs. Cohen, Todd, Kite & Spiegel* and *Mr. James Q. Doran,* for appellant.

*Mr. William B. Saxbe,* attorney general, and *Mr. W. Robinson Watters,* for appellee.

HERBERT, J. Three questions are urged by Losana. They are quoted from Losana's brief as follows:

Question No. 1:

"The Congress of the United States has the exclusive power to coin money or any other medium of exchange and to regulate the value thereof, and the separate states are precluded from exercising dominion thereover."

Section 8 of Article I of the Constitution of the United States, relative to the coinage of money, states:

"The Congress shall have power * * *

"* * *

"To coin money, regulate the value thereof * * *."

No one claims, nor can it be contended, that there is any reference directly or indirectly, to the coinage of money by the state of Ohio. Likewise, there is no indication whatsoever of any regulation or attempted regulation by Ohio of the value of money. See *Knox* v. *Lee* (Legal Tender Cases), 79 U. S. (12 Wall.) 457. It follows, therefore, that neither the General Assembly of Ohio nor the Tax Commissioner has interfered with the power of Congress to coin money or regulate its value.

Question No. 2:

"Money, as defined in Section 5701.04, Ohio Revised Code, in all of its forms is intangible personal property, the sale or exchange of which is not subject to the taxation provision provided in Section 5705.01, *et seq.*"

Section 5701.04 of the Revised Code defines money, as follows:

"As used in Title LVII of the Revised Code, 'money' includes gold, silver, and other coin, circulating notes of national banking associations, United States legal tender notes, and other notes and certificates of the United States, payable on demand and *circulating or intended to circulate as currency.*" (Emphasis added.)

We agree that "money," *as defined* in Section 5701.04 of the Revised Code, is intangible personal property and not subject to taxation under the provisions of Section 5739.01 of the Revised Code, so long as the statutory *definition of "money" is strictly respected.* It should be not-

46

ed that, within the limitations set out in the definition, there is one feature or characteristic common to all forms of "money," as defined in Section 5701.04, *supra, i. e., circulation as currency.* See *Klauber* v. *Biggerstaff,* 47 Wis. 551, 560, 3 N. W. 357, 362.

No one claims that the rare coins, bought and sold at retail, in the instant case, constitute circulating currency, and it would be difficult to surmise any characteristics common to "money," as defined in Section 5701.04, *supra,* and rare coins described in the record in the case at bar.

Statutory "money" will decrease in value or purchasing power during inflation, whereas a rare coin may probably increase in market value under the same circumstances. The conclusion seems inescapable that the rare coins, subject of this action, are tangible commodities, bought and sold in the retail market place as any other commodity and consequently subject to the Ohio Sales Tax.

Question No. 3:

"The character of 'money' does not change from intangible personal property to tangible personal property within the meaning of Section 5739.01, Ohio Revised Code, merely because it is considered the inventory of a business inasmuch as the actual value thereof to the government of the United States remains unchanged."

The evidence in the record supports the conclusion of the Board of Tax Appeals where, in its decision, it states:

"The coins which were the stock in trade of appellant are not comparable to money which is deposited in a bank wherein a debtor creditor relationship with the bank and depositor is created. Conversely the coins herein are specific coins, retained by appellant as an inventory or stock in trade in a business and as such are tangible personal property."

The sales tax is difficult to administer. It is complex and intricate. It requires skilled and accurate bookkeeping by the seller. There are those who would evade payment of the tax. The General Assembly recognized this problem and adopted stringent means to combat it and to make the

collection of the tax certain. The burden of proof is placed upon the taxpayer to establish *an exemption in his favor.* For example, Section 5739.02 of the Revised Code provides that in order to secure funds for certain governmental purposes:

"* * * an excise tax is hereby levied on each retail sale made in this state.

"* * *

"For the purpose of the proper administration of Sections 5739.01 to 5739.31, inclusive, of the Revised Code, *and to prevent the evasion of the tax,* it is presumed *that all sales made in this state are subject to the tax until the contrary is established.* * * *" (Emphasis added.)

The second paragraph of the syllabus in *National Tube Co.* v. *Glander,* 157 Ohio St. 407, reads:

"Statutes relating to exemption or exception from taxation are to be *strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto.*" (Emphasis added.)

Losana has not established a case for exemption.

The decision of the Board of Tax Appeals is reasonable and lawful and is affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.