SCOTCHMAN'S COIN SHOP, INC., Petitioner,

v.

ADMINISTRATIVE HEARING COMMISSION, Respondent.

No. 64626.

Supreme Court of Missouri, En Banc.

Aug. 16, 1983.

---

David L. Rapp, Morganstern, Soraghan, Stockenberg, McKitrick & Rapp, Clayton, for petitioner.

John Ashcroft, Atty. Gen., Melodie A. Powell, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Scotchman's Coin Shop, Inc., seeks reversal of a decision upholding an assessment of unpaid sales tax. It asserts that United States silver coins, South African Krugerrands, and Engelhard silver bars are money and intangible personal property not subject to Missouri sales tax under section 144.-020 RSMo 1978; and that imposition of sales tax on these items violated the United States Constitution by interfering with the exclusive power of the federal government to regulate the value of United States and foreign coins, and to regulate commerce with foreign nations. The question is whether the coins and silver bars were tangible personal property when they were sold. If so, the Director of Revenue correctly assessed sales tax on the sales. Affirmed.

The Missouri Department of Revenue assessed sales tax against Scotchman's Coin Shop in the amount of $79,404.05 on sales made in 1979 and 1980 of United States silver coins, Krugerrands, and Engelhard silver bars. The Administrative Hearing Commission upheld the assessment and ruled that these items were purchased for their value as a commodity, and not as a medium of exchange or legal tender and were therefore subject to the sales tax under 12 CSR 10–3.124. The decision further held the imposition of a sales tax was neither coining money nor regulating its value, and therefore, no interference with an exclusive power of Congress.

Upon this review the decision of the Administrative Hearing Commission will be upheld if it is authorized by law and supported by competent and substantial evidence. § 161.338 RSMo (1978).

Scotchman's Coin Shop, Inc., a Missouri corporation, is located in Dellwood, Missouri. It is engaged in the business of buying and selling gold and silver, including South African Krugerrands, United States silver coins, Engelhard silver bars, and numismatic coins.

The Krugerrand is recognized as legal tender in South Africa although it has no face value. Its value is determined by its gold content plus seigniorage. Seigniorage is the premium paid to the government for certifying the purity of the token and its weight. Petitioner sold the Krugerrands for 3.5 percent over this value.

The United States silver coins in issue were minted prior to 1965; the silver content of each coin is approximately 92 percent. These coins are legal tender in the United States, and when used as a medium of exchange are accorded the value represented on their face. They are not in general circulation today as legal tender because the value of the metal in them exceeds their face value.

Engelhard silver bars are certified by a private firm rather than a government. This certification is accepted to the extent it has become the equivalent of a government certification. The value of the bars is determined by the value of the silver plus seigniorage and brokerage. They are not

legal tender, but are purchased as a store of value.

The Vice President of Scotchman's Coin Shop testified the coins and silver bars in question had no numismatic or collector's value. Their value was determined by their precious metal content. At one time Scotchman's bought the silver coins at twenty-four times their face value and sold them at twenty-six times their face value. The Krugerrands and silver bars were sold at a certain percentage over the market value of the precious metal. He agreed that neither the Krugerrands nor the silver bars were legal tender in this country.

Dr. Leroy J. Grossman, professor of Economics at St. Louis University, defined money in terms of the four functions it performs: as a medium of exchange, payment for goods and services; as a store of value for people to hold their wealth; as a unit of account or measure; and as a method for deferring payment. Dr. Grossman stated, "As the price of the silver in those coins [United States dimes] changed, they became then a tangible asset. They were still money and they moved from an intangible to a tangible asset." Dr. Grossman further explained, "It becomes tangible when the market price of the material in the coin is worth more than whatever's stamped on that coin." He added that customers purchase gold and silver coins and bars for their value as assets.

I.

Petitioner argues the coins and bullion involved in this case are intangible personal property not subject to this regulation.

Section 144.020.1 RSMo 1978 authorizes imposition of a sales tax "upon all sellers for the privilege of engaging in the business of selling tangible personal property or rendering taxable service at retail in this state." *Id.* The Director of Revenue is charged with securing payment of and accounting for sales tax revenues. § 136.-030(2) RSMo 1978. In order to accomplish this goal, the Director is authorized to promulgate rules and regulations. § 144.-270 RSMo 1978. Pursuant to this authority, the Director promulgated Rule 12 CSR 10–3.124 applicable to the sale of coins and bullion:

(1) When any coin or currency is exchanged in the open market, at the current exchange rate, such transaction is not subject to the sales tax. However, when coins or currency, although acceptable as legal tender, are purchased at rates not reflecting actual currency value, for numismatic collection purposes or where the precious metal content of the coins determines their value, the transaction is the sale of tangible personal property subject to the sales tax.

(2) Sales of bullion are subject to sales tax.

12 CSR 10–3.124.

■ When determining the merits of revenue cases, it is important to look beyond legal fictions and academic jurisprudence in order to discover the economic realities of the case. *In re Union Electric Co.,* 349 Mo. 73, 79, 161 S.W.2d 968, 971 (Mo. banc 1942). Expert testimony adduced indicated "money" has value as both a tangible and an intangible asset. In order to determine whether the metal tokens were sold as tangible personal property, the essence of the transaction must be examined. It must be determined whether the coins were purchased for their tangible value, the value of the precious metal; or for their intangible value as a medium of exchange, the value established irrespective of the value given the precious metal. *See James v. Tres Computer Systems, Inc.,* 642 S.W.2d 347, 348–49 (Mo. banc 1982).

■ The record shows the value of the United States silver coins was determined by the precious metal content at the time of the sales; twenty-six times their value as legal tender in the United States. The value of the Krugerrands and the Engelhard bars was established in a similar manner. When sold for their value as precious metal, the coins and bars were sold as tangible personal property subject to sales tax.

## II.

In the alternative, petitioner argues that 12 CSR 10–3.124 is void because it creates an irrational and artificial classification of "money," and because it violates article I, section 8, clauses 3 and 5, and section 10 of the United States Constitution.

In support of its argument that the regulation creates an irrational and artificial classification, petitioner cites *Alan Van Vliet Enterprises v. California State Bd. of Equalization,* 65 Cal.App.3d 964, 135 Cal. Rptr. 716 (1977), holding invalid a regulation which exempted the sale of coins from sales and use tax on the basis of denominational value rather than the value of the metal contained in the coins. *Id.* 135 Cal. Rptr. at 719. This decision applied a California statute which specifically exempted the sales of coins when valued as a commodity. Cal.Rev. & Tax Code, § 6355 (West Supp.1983). The court held the revenue rule altered and impaired the intent of the statute and was therefore void. Missouri does not have a similar statute. As noted earlier, 12 CSR 10–3.124 is authorized by section 144.270 RSMo 1978 and comports with the intent of section 144.020.1 RSMo 1978; it does not create an irrational or artificial classification of "money."

Imposition of sales tax on the sale of these coins does not impinge upon the exclusive right of the federal government to regulate the value of money, coin money, or determine the character of legal tender. *See* U.S. Const. art. I, § 8, cls. 3 & 5, § 10. The tax imposed on these transactions was based on the value of the precious metal; not the intangible value assigned the coins by the federal government. Common sense dictates this regulation has nothing to do with the coining of money or the regulation of its value. *See Losana Corp. v. Porterfield,* 14 Ohio St.2d 42, 236 N.E.2d 535, 536 (1968).

The decision of the Administration Hearing Commission is affirmed.

RENDLEN, C.J., GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., and MORGAN, Senior Judge, concur.

WELLIVER, J., not sitting.