**THORNE AND WILSON, INC., A Utah Corporation, Plaintiff and Appellant,**

v.

**UTAH STATE TAX COMMISSION, Defendant and Respondent.**

No. 18825.

Supreme Court of Utah.

April 24, 1984.

## I.

The question on this appeal is whether rare United States coins, foreign coins, and precious metals are money or "tangible property" as that term is used in U.C.A., 1953, § 59–15–4(a), which imposes "[a] tax upon every retail sale of tangible personal property made within the state of Utah."[1] Regulation S26 of the Utah Sales and Tax Book of Regulations (Regulation A12–02–S1:S26) states that tangible property "does not include ... bank accounts, stocks, bonds, mortgages, notes and other evidence of debt."

This is a case of first impression in Utah. Other jurisdictions have held that such items are not money, but are tangible property subject to sales tax. Those jurisdictions have ruled that whether a sales tax is applicable turns on whether the transaction is a commodity or a money transaction. It is the substance of the transaction and not the property actually transferred that controls. *Michigan National Bank v. Department of Treasury*, 127 Mich.App. 646, 339 N.W.2d 515 (1983); *Scotchman's Coin Shop, Inc. v. Administrative Hearing Commission*, Mo., 654 S.W.2d 873 (1983) (en banc); *Losana Corp. v. Porterfield*, 14 Ohio St.2d 42, 236 N.E.2d 535 (1968). "Transactions involving the same type of coins can in one instance be free from tax and in another instance be subject to tax." *Michigan National Bank, supra*, 339 N.W.2d at 517. The Missouri court stated:

> [I]t is important to look beyond legal fictions and academic jurisprudence in order to discover the economic realities of the case.... In order to determine whether the metal tokens were sold as tangible personal property, the essence of the transaction must be examined. It must be determined whether the coins were purchased for their tangible value, the value of the precious metal; or for their intangible value as a medium of exchange, the value established irrespective of the value given the precious metal.

M. Ralph Shaffer, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., Frank V. Nelson, Mark K. Buchi, Salt Lake City, for defendant and respondent.

STEWART, Justice:

The appellant is a broker/dealer company in the investment business. It brought this action to obtain a declaration that it is not subject to sales taxes for the sale of precious metals, bars, and medallions; United States coins; and foreign coins, such as South African Krugerrands. The district court held the sale of those items subject to the state sales tax. We affirm.

1. The statute has since been amended to specifically exclude U.S. and foreign coinage and pre-cious metals from the definition of tangible property. (1983 Supp.)

*Scotchman's Coin Shop, supra,* 654 S.W.2d at 875 (citation omitted).

■ Using a similar standard, a Michigan appellate court held that "where Krugerrands are transferred as a medium of exchange ... the coins remain intangible personal property, not subject to tax. But where ... they are transferred as an investment commodity, they become tangible personal property within the meaning of the General Sales Tax Act." *Michigan National Bank v. Department of Treasury, supra,* 339 N.W.2d at 517. We agree with this analysis and think it is applicable to both United States and foreign coins, when they are not used as currency or a medium of exchange, and to precious metals.

The appellant argues that the coins it sells are intangible property and exempt from sales tax because they are "moneys" under U.C.A., 1953, § 59–3–1(1), which states that personal property "does not include moneys, credits, bonds, stocks, ... or other things commonly known as intangibles." Even assuming that § 59–3–1 is applicable to sales taxes as well as to property taxes, the reference to "moneys" in § 59–3–1 is not determinative of the issue in the instant case. Obviously, the coins are money in one sense, but in another they are not. When sold for their intrinsic value and their face value is not significant, they are tangible property.

A similar statute in Michigan defines intangible personal property as "moneys on hand or on deposit or in transit." Mich. Comp.Laws Ann. § 205.131(1) (West 1983 Supp.). In interpreting this statute, the Michigan court held that Krugerrands are tangible property even though they are a part of South Africa's currency:

> [T]he Krugerrand is a special breed. Unlike most currency coins, these coins do not possess an unfluctuating denominated value set by the issuer. Rather, they possess an intrinsic value in the form of one ounce of fine gold, the value of which fluctuates with the changes in the world-wide market in precious metals.

*Michigan National Bank, supra,* at 517. In *Michigan National Bank,* the Kruger-

rands were acquired for their intrinsic value, not for use as currency. The same is true in the instant case of both foreign coins and United States coins. Therefore, the exclusion in § 59–3–1 does not apply.

The appellant cites one case, and this Court has found no others, that reach a different result. In *Smith v. Department of Revenue,* Fla.App., 376 So.2d 421 (1979) (per curiam), the court held that Krugerrands were not subject to Florida sales and use tax because they were official coins of South Africa. However, that ruling was limited by the manner in which the issue arose. The court stated:

> In the present instance, the court was not in a position to determine that a certain transaction was a commodity transaction rather than a money transaction but was faced with the abstract proposition of whether Krugerrands were in every case subject to taxation because of the peculiarities of their gold content and markings.

*Id.* at 423.

In the instant case, however, the appellant's transactions are clearly commodity transactions rather than money transactions.

II.

■ The appellant relies on *Mid-Fla Coin Exchange Inc. v. Griffin,* 529 F.Supp. 1006 (M.D.Fla.1981), to support its argument that the Utah sales tax interferes with interstate commerce in coins and bullion and that the regulation of coinage has been preempted by federal law. However, there was no issue of the applicability of a state sales tax in that case. The court held only that burdensome regulation of precious metals, which required inspections, record keeping, and holding periods, interfered with interstate commerce and federal regulation. Such regulation is not in question in this case. Furthermore, as the court explained in *Scotchman's Coin Shop, supra,* 654 S.W.2d at 876:

> Imposition of sales tax on the sale of these coins does not impinge upon the

exclusive right of the federal government to regulate the value of money, coin money, or determine the character of legal tender. *See* U.S. Const. art. I, § 8, cls. 3 & 5, § 10. The tax imposed on these transactions was based on the value of the precious metal, not the intangible value assigned the coins by the federal government. Common sense dictates this regulation has nothing to do with the coining of money or the regulation of its value. *See Losana Corp. v. Porterfield*, 14 Ohio St.2d 42, 236 N.E.2d 535, 536 (1968).

### III.

There is no merit in appellant's claim that the term "moneys" in § 59–3–1 is unconstitutionally vague or that appellant's customers are not users under the sales tax statutes.

Affirmed. No costs.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.