TIMMY D. TOMLINSON,  )
                                                    )
    Petitioner/Appellant,        )
                                                    )    Appeal No.
                                                    )    01-A-01-9703-CH-00143
VS.                                            )
                                                    )    Davidson Chancery
                                                    )    No. 96-1179-III
CHARLES TRAUGHBER, CHAIRMAN  )
TENNESSEE BOARD OF PAROLES,  )
ET AL.,                                        )
                                                    )
    Respondents/Appellees.    )

| FILED |
| :---: |
| **June 18, 1997** |
| **Cecil W. Crowson**<br>**Appellate Court Clerk** |

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

TIMMY D. TOMLINSON, #124785
Morgan County Regional Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887
        Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

JOHN R. MILES
Assistant Attorney General
Cordell Hull Building, Second Floor
425 5th Avenue North
Nashville, Tennessee 37243-0488
        Attorney for Respondents/Appellees

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.

# O P I N I O N

The Tennessee Board of Paroles declined to grant parole to an inmate in the custody of the Department of Correction. After his administrative appeal of that decision was turned down, the inmate petitioned the chancery court for a Writ of Certiorari. The court dismissed his petition on the ground on untimeliness. We affirm the dismissal, but base our decision on the alternate ground of the petitioner's failure to state a claim upon which relief can be granted.

## I.

On October 22, 1988, Timmy Dwayne Tomlinson was convicted of two counts of aggravated rape, assault with attempt to murder, and attempt to commit rape. He was sentenced to forty years. His sentence was later reduced to twenty-five years.

On August 8, 1995 a hearing officer conducted a parole hearing for Mr. Tomlinson. The hearing officer recommended that parole be declined, based upon high risk and seriousness of offense. The Board adopted the hearing officer's recommendations on August 18, 1995.

Mr. Tomlinson filed an internal appeal of the Board's decision. His appeal was denied on March 21, 1996. He filed his Petition for Certiorari in chancery court on April 15, 1996, claiming that the Board had acted illegally and arbitrarily in denying him parole without first ordering a psychological examination, and in using the seriousness of his offense as a factor in making its decision. The trial court dismissed the petition on the ground that it was not filed within the sixty-day jurisdictional time limit set forth in Tenn. Code Ann. § 27-9-102. This appeal followed.

## II.

On appeal, Mr. Tomlinson concedes that his petition was filed more than sixty days after the Board refused to grant him parole, but argues that it was not untimely, because it was filed within sixty days of the Board's denial of his appeal of that refusal.

This court has previously determined in a case involving revocation of parole, that the sixty day period within which the petitioner was required to file his Petition for Writ of Certiorari did not begin to run until the Board's decision became final and he had exhausted his administrative remedies. See *Jennings v. Traughber*, Appeal No. 01A01-9509-CH-00390 (filed Nashville, March 6, 1996).

However the question of the correct starting point for the sixty-day jurisdictional time limit in cases where the Board declines to grant parole has not been decided by this court. See *Fite v. Board of Paroles*, 923 S.W.2d 543 (Tenn. App. 1996). *Sams v. Traughber*, Appeal No. 01-A-01-9603-CH-00133 (Filed Nashville, August 14, 1966). In the present case, we have examined the petitioner's allegations and we find that even if his petition were considered to be timely, he has failed to state a claim upon which relief may be granted. See Tenn. R. Civ. P. 12.02(6).

As we have observed many times before, the Writ of Certiorari may be granted only under very narrow conditions. It is available only where the pleadings in the reviewing court indicate that the inferior tribunal has "exceeded its jurisdiction, or has acted illegally, arbitrarily or fraudulently." See *Powell v. Parole Eligibility Review Board*, 879 S.W,2d 871, 873 (Tenn. App. 1994); see also *Yokley v. State*, 632 S.W.2d 123 (Tenn. App. 1981).

This fundamental limitation on the scope of the writ has frequently led petitioners to adopt the language of the above-cited cases while describing proceedings that do not appear to suffer from any significant irregularity. The present case appears to be one of these.

The petitioner bases his primary claim upon Tenn. Code Ann. § 40-28-116(a)(2):

> No person convicted of a sex crime shall be released on parole unless a licensed psychiatrist or licensed psychologist designated as a health service provider has evaluated such an inmate and determined to a reasonable degree of medical or psychological certainty that the inmate does not pose the likelihood of committing sexual assaults upon release from confinement. The evaluations shall be provided by psychiatrists or licensed psychologists designated as health service providers whose services are contracted for and funded by the board or the department.

Since he apparently did not receive such an evaluation, Mr. Tomlinson claims that that the Board acted illegally in regard to his case. It does not appear to us, however, that the plain words of the statute or the legislative intention behind it require that a psychological evaluation be performed before a parole hearing may be conducted for an inmate who has been convicted as a sex offender.

It appears that the purpose of the statute is to protect the public by preventing the Board from releasing a convicted sex offender until the required psychological finding is obtained, not to create a new procedural right for such offenders. This does not mean, of course, that the Board or the Department may withhold psychological evaluation from an inmate, and then use the absence of the required finding as its sole reason for denying parole.

In the present case the Board denied parole for Mr. Tomlinson because of high risk, and because his release at this stage in his sentence would depreciate the seriousness of his offenses. See Tenn. Code Ann. § 40-35-503. It was not denied because he did not receive a favorable psychological evaluation.

While there may be an overlap between the psychological evaluation that the statute requires and a finding of high risk, we note that Mr. Tomlinson was also convicted of assault with attempt to commit murder, which is not classified as a sexual offense, and therefore does not require the petitioner to undergo psychological evaluation before parole may be granted or denied.

The petitioner's second claim is a challenge to the practice of using the seriousness of a prisoner's offense as a reason for declining parole. We have dealt extensively with this question in previous cases, and we have found that even though the seriousness of a prisoner's offense may have been factored into the sentence he received, in appropriate cases it may also be a legitimate reason for declining parole. See Tenn. Code Ann. § 40-35-503(a)(2); *South v. Board of Paroles*, Appeal No. 01-A-01-9609-CH-00393 (Filed Nashville, December 11, 1996); *Mosley v. Board of Paroles*, Appeal No. 01-A-01-9604-CH-00162 (Filed Nashville, November 1, 1996). This appears to be one such case.

**III.**

The action of the trial court is affirmed, but for failure to state a claim upon which relief can be granted rather than for untimeliness. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:



_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION



_____
WILLIAM C. KOCH, JR., JUDGE