OPINION
{¶ 1} Appellant, Greg Battersby, appeals from the October 3, 2003 judgment entry of the Lake County Court of Common Pleas, in which the trial court entered judgment in favor of appellee, the city of Mentor, and against appellant for unpaid city income taxes.
 {¶ 2} On January 4, 2002, appellee filed a complaint against Mentor Chiropractic Center, Inc. ("Mentor Chiropractic") and appellant individually and as president of Mentor Chiropractic, for failure to pay city income taxes from 1989 through 2000. On February 1, 2002, appellant and Mentor Chiropractic filed a motion pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.[1] On February 5, 2002, appellant and Mentor Chiropractic filed an answer to appellee's complaint and a counterclaim for fraud and unlawful collection activities. On February 21, 2002, appellee filed an answer to appellant's and Mentor Chiropractic's counterclaim.
 {¶ 3} On January 7, 2003, appellee filed a motion for default judgment pursuant to Civ.R. 55 against Mentor Chiropractic in the amount of $161,590.31, which was granted by the trial court on March 5, 2003.
 {¶ 4} A bench trial was held on June 6, 2003.[2] At the beginning of trial, appellee stipulated that it was not seeking payment for taxes for the years 1989 through 1994.[3] Shearin Ferguson ("Ferguson"), appellee's assistant tax administrator, testified for appellee that in August 2001, she requested appellant in writing to furnish copies of his tax returns for the years 1995 through 2000. After issuing an administrative order, Ferguson determined that appellant failed to make any payments with respect to his previous returns. Ferguson indicated that penalties were assessed against appellant due to his failure to pay city income taxes. Ferguson claimed that the total amount due from 1995 through 2000 is $93,000.[4] Ferguson said that with respect to appellant's 1995 tax return, income in the amount of $141,000 was omitted which is more than twenty five percent of his total.
 {¶ 5} According to Bill Nally ("Nally"), assistant income tax administrator for the CCA, who testified for appellee, appellant tried to pay his tax debt with gold coins. Nally stressed that appellant said that the gold coins were worth a certain amount of money over $50 each. Nally stated that the CCA accepts cash, checks, or credit cards. Nally indicated that the gold coins were not accepted because their true value was unknown. Nally maintained that he told appellant that he could exchange them at a bank, however, appellant failed to do so and never came back to the CCA.
 {¶ 6} Pursuant to its October 3, 2003 judgment entry, the trial court determined that the applicable statute of limitations for collection of income taxes found in Mentor Code of Ordinances 92.99(F)(2) is three years and that appellee initiated its complaint on January 4, 2002. Thus, the trial court stated that appellee's attempt to collect taxes for the years 1995 through 1998 is unfounded. The court held that appellant owes personal income taxes for 1999 and 2000 with interest at the rate of six percent per annum pursuant to Mentor Code of Ordinances 92.99(A). Accordingly, the trial court granted judgment in favor of appellee and against appellant in the amount of $3,620 plus interest calculated at the rate of six percent per annum for appellant's unpaid 1999 income taxes, and $7,689.61 plus six percent per annum interest for his 2000 unpaid income taxes. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:[5]
 {¶ 7} "[1.] The trial court erred in finding in favor of [appellee] by not acknowledging the face value of the United States gold coins.
 {¶ 8} "[2.] The trial court erred in finding in favor of [appellee] by not discharging [appellant's] debt."
 {¶ 9} Appellee raises the following assignments of error on cross-appeal:
 {¶ 10} "[1.] The trial court erred to the prejudice of [appellee] by wrongfully applying the statute of limitations to tax year 1998.
 {¶ 11} "[2.] The trial court erred to the prejudice of [appellee] by not assessing [appellant] interest and penalty for failure to withhold taxes."
 {¶ 12} Because appellant's assignments of error are interrelated, we will address them in a consolidated manner. In his first assignment of error, appellant argues that the trial court erred by not acknowledging the face value of the gold coins. Appellant contends that although the trial court determined that the gold coins were legal tender, it alleged that appellant offered no evidence regarding the value. However, appellant stresses that it did present evidence with respect to the value of the gold coins. In his second assignment of error, appellant maintains that the trial court erred by not discharging his debt pursuant to R.C.1303.68(B).
 {¶ 13} "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. * * *"31 U.S.C.S. 5103; See, also, Nixon v. St. Joseph Mtg. Co. (1985),615 F.Supp. 898, 900.
 {¶ 14} R.C. 5701.04 defines money as: "gold, silver, and other coin, circulating notes of national banking associations, United States legal tender notes, and other notes and certificates of the United States payable on demand and circulating or intended to circulate as currency."
 {¶ 15} The Supreme Court of Ohio in Losana Corp. v. Porterfield, TaxCommr. (1968), 14 Ohio St.2d 42, paragraph two of the syllabus, stated that: "[m]oney privately withdrawn from circulation and sold or traded as a collector's item at prices substantially above its value fixed by Congress, is not currency." Pursuant to R.C. 5701.04, money "requires that its use, or intended use, be by the general public as currency." Id. at paragraph three of the syllabus.
 {¶ 16} R.C. 1303.68(B) provides that: "[i]f tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates."
 {¶ 17} In the case at bar, pursuant to its October 3, 2003 judgment entry, the trial court determined that: "while gold coins are legal tender, the value of gold varies from day to day. As such, it was unreasonable for [appellant] to present gold coins to the [CCA] for payment of his taxes when the true value of said coins was not apparent. Further, [appellant] offered no evidence as to the true value of said gold coins. Under the circumstances, the [c]ourt holds that the [CCA's] refusal to accept gold coins as payment for [appellant's] taxes does not discharge [appellant's] tax debt." We agree.
 {¶ 18} The record establishes that appellant attempted to pay his tax debt with gold coins. Again, Nally stressed that appellant stated that the $50 gold coins were worth a certain amount of money over $50 each. Nally indicated that the gold coins were not accepted because their true value was unknown. Nally told appellant that he could exchange them elsewhere and that the CCA accepts cash, checks, or credit cards. However, appellant failed to do so and never came back to pay his debt at the CCA.
 {¶ 19} Based on the foregoing, although gold coins are legal tender, the true value fluctuates daily. Appellant offered no evidence regarding their true value when he met with Nally, who indicated that the coins were not being offered for payment at face value. Pursuant to R.C. 5701.04
and Losana, supra, no testimony was offered that gold coins are intended or expected to be circulated at face value. Because the amount of tender offered could not be precisely fixed, appellant's debt cannot be discharged under R.C. 1303.68(B). Appellant's first and second assignments of error are without merit.
 {¶ 20} Turning to appellee's assignments of error on cross-appeal, appellee argues in its first assignment that the trial court erred by incorrectly applying the statute of limitations to tax year 1998.
 {¶ 21} Mentor Code of Ordinances 92.15 provides in part that: "[e]ach taxpayer * * * shall, whether or not a tax is due thereon, make and file a return on or before April 30 of the year following the year for which the return is due."
 {¶ 22} Mentor Code of Ordinances 92.99(F)(2) states that: "[c]ivil action to recover municipal income taxes, penalties and interest thereon shall be brought within 3 years after the tax was due or the return was filed, whichever is later." See, also, CCA Regulations 15:06(A).
 {¶ 23} In the instant matter, appellant used a tax return form from 2000 for the filing of his 1998 taxes. However, we can infer, after reviewing all of the different year tax forms filed as exhibits, that the tax for 1998 was due no later than April 30, 1999. Here, appellant's 1998 municipal tax return was not signed or dated, nor did it have a required Schedule C attached. As such, Ferguson indicated that appellant never filed a complete municipal tax return for 1998. Thus, pursuant to Mentor Code of Ordinances 92.99(F)(2) and CCA Regulations 15:06(A), appellee's civil action against appellant must have been brought within three years after the tax was due.
 {¶ 24} Again, appellant's 1998 municipal tax was due no later than April 30, 1999. Any collection must have been commenced within three years, or by April 30, 2002. Appellee filed its complaint on January 4, 2002. Therefore, appellee initiated its complaint within three years after appellant's municipal tax was due. The trial court erred by miscalculating the application of the statute of limitations with respect to the 1998 tax return. Appellee's first assignment of error on cross-appeal is with merit.
 {¶ 25} In its second assignment of error on cross-appeal, appellee alleges that the trial court erred by not assessing penalty and interest for failure to withhold taxes. Appellee stresses that personal liability for tax, penalty, and interest results to a corporate officer for failure to withhold taxes for employees.
 {¶ 26} In the case sub judice, default judgment was granted against Mentor Chiropractic on March 5, 2003. At the bench trial, the trial judge determined that because default judgment was already granted against Mentor Chiropractic, appellant was not before the court as president of Mentor Chiropractic, but rather only individually. We agree. Appellee's complaint did not allege liability for non-withholding. With respect to appellant's individual capacity, appellee's complaint alleged failure to pay city income taxes. Because default judgment was granted against Mentor Chiropractic, the real party in interest here is appellant in his individual capacity. Therefore, appellee's second assignment of error on cross-appeal is without merit.
 {¶ 27} For the foregoing reasons, appellant's assignments of error are not well-taken. Appellee's first assignment of error on cross-appeal is with merit and its second assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed in part, reversed in part, and remanded for the trial court to consider the principal amount of tax owed together with any appropriate interest and/or penalty that appellant may owe for the 1998 tax year.
Diane V. Grendell, J., Cynthia Westcott rice, J., concur.
[1] On May 28, 2002, appellant and Mentor Chiropractic filed an amendment to their Civ.R. 12(B)(6) motion.
[2] Appellant was involved in the bench trial in his individual capacity only.
[3] At issue were tax years 1995 through 2000.
[4] Appellant maintained that the Central Collection Agency ("CCA") verified that he owed $44,000. However, Ferguson indicated that the CCA does not have the capability to update the penalty and interest after the initial penalty and interest is assessed.
[5] Appellee also filed a timely notice of appeal. Pursuant to our February 19, 2004 judgment entry, this court consolidated both appeals and determined that appellee's appeal would be treated as a cross-appeal.