**GREAT SOUTHERN BANK, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. SC 88943.**

Supreme Court of Missouri, En Banc.

Nov. 4, 2008.

─────────

---

Carole L. Iles, Bryan Cave LLP, Jefferson City, MO, Scott Riley, Cook & Riley, LLC, St. Louis, MO, John P. Barrie, Bryan Cave LLP, New York, NY, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Jefferson City, MO, for respondent.

RICHARD B. TEITELMAN, Judge.

Great Southern Bank seeks review of an Administrative Hearing Commission ("AHC") decision determining that an aircraft sale and purchase did not meet the requirements for the "taken in trade" exemption from use taxes under section 144.025, RSMo 2000.[1] The AHC decision is affirmed.

I. Jurisdiction and Standard of Review

■ This Court has jurisdiction to review the AHC's decision pursuant to Mo. Const. article V, section 3 because the case involves construction of state revenue laws. The AHC's interpretation of revenue laws is reviewed de novo. *DST Sys., Inc. v. Dir. of Revenue,* 43 S.W.3d 799, 800 (Mo.

---

1. All statutory references are to RSMo 2000.

banc 2001). The AHC's factual determinations will be upheld if the law supports them, and, after reviewing the whole record, there is substantial evidence that supports them. *Id.*

## II. Facts

On June 18, 2003, Great Southern entered into an agreement to sell a Beechcraft airplane to Jet 1, Inc. The sale price was $1,025,000. Nine days later, Great Southern entered into a "Purchase Agreement" to buy a 1993 Cessna airplane from Scag Engineering, LLC for $1,925,000. The Purchase Agreement included blank lines for "Trade–In Aircraft (if applicable)," including the make and model of the aircraft, trade-in delivery date, and delivery destination. None of these blanks was filled in.

In order to facilitate the transaction, Great Southern entered into an "Exchange Agreement" with Wachovia Bank, N.A. The Agreement provided that Great Southern would acquire the Cessna from Wachovia and then relinquish the Beechcraft to Wachovia. The transaction was structured to meet the requirements for an exchange of "like kind" property for purposes of Section 1031 of the United States Internal Revenue Code, which permits the deferral of certain federal taxes for property transfers that are channeled through a qualified intermediary. Jet 1 directed its payment for the Beechcraft to a title insurer and then to Wachovia. Great Southern then made its payment to the same title company, which then forwarded the funds to Wachovia. Wachovia then sent Great Southern's $1,925,000 payment for the Cessna to Scag Engineering. Great Southern paid use taxes on $900,000, which was the difference between the sale price of the Beechcraft ($1,025,000) and the purchase price of the Cessna ($1,925,-000).

The Director of Revenue concluded that Great Southern owed use tax on the full price of the Cessna. Great Southern filed a complaint with the AHC, arguing that it had acquired the Cessna in a trade and was thereby eligible for the "taken in trade" exemption in section 144.025. The AHC concluded that Great Southern could not utilize the "taken in trade" exemption because there was no trade.

## III. Analysis

■ In pertinent part, Section 144.025.1 provides as follows:

Notwithstanding any other provisions of law to the contrary, in any retail sale other than retail sales governed by subsections 4 and 5 of this section, where any article on which sales or use tax has been paid, credited, or otherwise satisfied or which was exempted or excluded from sales or use tax is taken in trade as a credit or part payment on the purchase price of the article being sold, the tax imposed by sections 144.020 and 144.440 shall be computed only on that portion of the purchase price which exceeds the actual allowance made for the article traded in or exchanged, if there is a bill of sale or other record showing the actual allowance made for the article traded in or exchanged.

The effect of the statute is to exempt the trade value from the use tax. Because section 144.025 is a tax exemption statute, Great Southern bears the burden of showing that it is entitled to an exemption under the statutes. *Branson Props. USA, L.P. v. Dir. of Revenue,* 110 S.W.3d 824, 825 (Mo. banc 2003). Exemptions from taxation are to be construed strictly against the taxpayer, and any doubt is resolved in favor of application of the tax. *Id.*

■ The term "taken in trade" is not defined in the statute. When a statutory

term is not defined, courts apply the ordinary meaning of the term as found in the dictionary. *Cook Tractor Co., Inc. v. Dir. of Revenue*, 187 S.W.3d 870, 873 (Mo. banc 2006). The word "trade" means "to give in exchange for another commodity." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993) at 2421. The word "exchange" means "[t]he act of giving or taking one thing in return for another," or "the process of reciprocal transfer of ownership (as between persons)." WEBSTER'S at 792. See also BLACK'S LAW DICTIONARY (7th Ed.1999) (defining "exchange" as "the act of transferring interest, each in consideration for the other"). A "trade," then, requires that the parties each have title to or ownership of their respective items and then exchange them.

There are no Missouri cases that interpret the "taken in trade" exemption. However, in *Hutton v. Johnson*, 956 S.W.2d 484 (Tenn.1997), the Supreme Court of Tennessee applied its "taken in trade" exemption in a similar situation. Hutton owned a Beech airplane. Hutton entered into an exchange agreement with Bell Aviation, Inc., which purchased the Beech from Hutton. Hutton then contracted with Cessna Aircraft Company to purchase another airplane. *Id.* at 486. Hutton assigned his rights under his agreement with Cessna to Bell Aviation, Inc. *Id.* at 487. Bell Aviation directed the funds from the Beech sale to Cessna, and Cessna then delivered title to Hutton. *Id.*

The Tennessee law, like Missouri's, addresses items "taken in trade." *Id.* at 488. The Tennessee Supreme Court noted that neither transaction was dependent upon the other. Thus, the Court held that the two sales, despite the involvement of Bell Aviation, did not constitute a "trade." *Id.* at 489. Instead, the sales were independent transactions between Hutton and a buyer and between Hutton and a different seller. *Id.* There was no trade, so the "taken in trade" exemption did not apply.

■ Similarly, in this case, the sale of the Beechcraft and the purchase of the Cessna were two separate transactions. Great Southern sold its Beechcraft to Jet I, purchased the Cessna from Scag Engineering, and used Wachovia as an intermediary to facilitate the transaction. Although Wachovia acted as an intermediary to facilitate a transaction under Section 1031 of the United States Revenue Code, it does not follow that there was a "trade" exempting Great Southern from paying Missouri use taxes. "When determining the merits of revenue cases, it is important to look beyond legal fictions and academic jurisprudence in order to discover the economic realities of the case." *Scotchman's Coin Shop v. Administrative Hearing Comm'n*, 654 S.W.2d 873, 875 (Mo. banc 1983). Wachovia could not keep the Beechcraft or the Cessna or sell the Beechcraft to someone other than Jet 1. Wachovia simply performed the duties assigned in its agreement with Great Southern. Wachovia never took the Beechcraft in trade for anything. Wachovia effectively was acting as Great Southern's agent for the purpose of complying with federal regulations to take advantage of the tax deferral provisions of Section 1031. That is not enough, under Missouri sales and use tax law, to conclude that Great Southern and Wachovia engaged in a trade.

This conclusion is confirmed by the purchase agreement form that Great Southern used with Scag Engineering, which had blanks to be used if there had been a trade-in. No trade-in was identified. The explanation for this is that there was a sale and a purchase, but no trade.

The AHC's decision is affirmed.[2]

STITH, C.J., PRICE, RUSSELL, WOLFF and BRECKENRIDGE, JJ., and NEWTON, Sp.J., concur.

FISCHER, J., not participating.

---

2. Great Southern also argues that if this court were to hold that the "taken in trade" exemption did not apply to the use tax, then the exemption would violate the Commerce Clause, U.S. Const. art. I § 8. The exemption applies to the use tax. Consequently, there is no need to address Great Southern's Commerce Clause argument.