IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs June 20, 2017

**DAVID C. DUNCAN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Sumner County**
**No. 2016-CR-802    Dee David Gay, Judge**

_____

**No. M2017-00277-CCA-R3-ECN**

_____

Nearly thirty-five years from the date Petitioner, David C. Duncan, burglarized the home of, raped, and then killed a victim in Sumner County, he appeals the summary denial of his petition for writ of error coram nobis. Upon our review of the record, not only is the petition untimely, it also fails to allege any newly discovered evidence that may have affected the outcome of Petitioner's trial. Therefore, we affirm the judgment of the trial court.

**Tenn. R. app. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

David C. Duncan, Nashville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; and Lawrence Ray Whitley, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In November 1984, Petitioner was convicted of second degree murder, aggravated rape, and first degree burglary and was sentenced to forty years to be served concurrently with a separate case in which he received the death penalty.[1] On direct appeal, this Court affirmed Petitioner's convictions. *State v. David Carl Duncan*, No. 85-11-III, 1986 WL 5470 (Tenn. Crim. App. May 13, 1986), *perm. app. denied* (Tenn. Jul. 28, 1986). Petitioner subsequently filed a petition for post-conviction relief, the denial of which was

_____

[1] *See State v. Duncan*, 698 S.W.2d 63, 67 (Tenn. 1985).

affirmed by this Court on appeal. *David C. Duncan v. State*, No. 01C01-9203-CR-00089, 1992 WL 389641 (Tenn. Crim. App. Dec. 31, 1992), *perm. app. denied* (Tenn. June 1, 1993).

Petitioner filed the present petition for writ of error coram nobis on December 5, 2016, alleging that the grand jury that issued the indictment in this case was tainted by the fact that the foreman was related to the victim. *See* Tenn. R. Crim. P. 6(c)(1)(D); T.C.A. § 22-1-104. Petitioner claimed that he discovered this new evidence in January of 2016. On January 4, 2017, Petitioner filed a motion to amend in order to include as exhibits printouts from a website, ancestry.com, purporting to show that the victim and the foreman were second cousins. Petitioner also filed a motion to be appointed counsel.

On January 17, 2017, the trial court entered an order denying coram nobis relief. In addition to determining that the petition was untimely, the trial court found that the evidence was not "newly discovered" because the names of both the victim and the grand jury foreman, who shared the same last name, were listed on the indictment and were "part of the public record in this case from its inception." The trial court also found that this alleged newly discovered evidence would not have changed the result of the jury verdict in this case because it had no bearing on the evidence presented at trial.

On January 24, 2017, the trial court filed an addendum to its order denying coram nobis relief. The trial court found that Petitioner was not truthful when he claimed that he only recently became aware of the relationship between the grand jury foreman and the victim. The trial court determined that, as part of his earlier post-conviction proceedings, Petitioner filed a pro se amended petition for post-conviction relief on September 30, 1991, alleging that the indictment was void due to the familial relationship between the foreman and the victim as well as a motion for the production of "genealogical" evidence to support this claim. Because Petitioner had previously raised this claim, the trial court determined that his present petition for writ of error coram nobis was not well-taken.

Petitioner filed a timely notice of appeal.

*Analysis*

On appeal, Petitioner argues that the trial court erred in dismissing his petition for writ of error coram nobis without a hearing. Petitioner asserts that the statute of limitations should be tolled because he did not discover the familial relationship between the victim and the grand jury foreman until a conversation with his Federal Public Defender in June of 2016. Petitioner contends that this newly discovered evidence may have affected the outcome of his trial in that "if there had been a different grand jury foreman, one who was not directly related to the victim in this case, [then] he would

- 2 -

never have been indicted nor held to stand trial in the first place." Petitioner asserts that he was without fault in failing to present his claim at the proper time due to the ineffective assistance of trial counsel and prosecutorial misconduct. The State responds that the petition was filed well outside the statute of limitations, the evidence is not newly discovered, and Petitioner's claim has been previously litigated. In his reply brief, Petitioner claims that he never received the addendum to the trial court's order finding that he had previously known of this evidence and asserts that his claim in the earlier post-conviction petition was merely an "allegation" rather than "evidence." Finally, Petitioner argues that his petition should be construed as a petition for writ of habeas corpus challenging the validity of the indictment.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105(b); *State v. Hart*, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The writ of error coram nobis is "an *extraordinary* procedural remedy," designed to fill "only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999) (emphasis in original). In order to seek coram nobis relief, a petitioner must "establish[] that the petitioner was 'without fault' in failing to present the evidence at the proper time." *Harris v. State*, 102 S.W.3d 587, 592-93 (Tenn. 2003). To be considered "without fault," the petitioner must show that "the exercise of reasonable diligence would not have led to a timely discovery of the new information." *State v. Vasques*, 221 S.W.3d 514, 527 (Tenn. 2007). The coram nobis court will then determine "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." *Id.* at 526.

A petition for a writ of error coram nobis must be filed within one year after the judgment becomes final. T.C.A. § 27-7-103. For the purposes of coram nobis relief, a judgment becomes final thirty days after the entry of the judgment in the trial court if no post-trial motion is filed, or upon entry of an order disposing of a timely filed post-trial motion. *Mixon*, 983 S.W.2d at 670. It has been the "longstanding rule that persons seeking relief under the writ must exercise due diligence in presenting the claim." *Id.* "Although the State bears the burden of raising the statute of limitations as an affirmative defense, its failure to do so does not necessarily result in a waiver" so long as "'the opposing party is given fair notice of the defense and an opportunity to rebut it.'" *Wilson v. State*, 367 S.W.3d 229, 234 (Tenn. 2012) (quoting *Sands v. State*, 903 S.W.2d 297, 299 (Tenn. 1995)).

Despite the one-year statute of limitations, due process considerations may require tolling the statute of limitations. *Harris*, 301 S.W.3d at 145 (citing *Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001)). Our supreme court has held that, "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of

limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Workman*, 41 S.W.3d at 102 (quoting *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992)). A court must balance the State's interest in preventing stale and groundless claims with the petitioner's interest in obtaining a hearing to present a later-arising ground for relief. *Harris*, 301 S.W.3d at 145 (citing *Workman*, 41 S.W.3d at 103). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Seals v. State*, 23 S.W.3d 272, 278 (Tenn. 2000). Ignorance as to the existence of a claim does not create a "later-arising" claim for due process purposes. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994). Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness. *Harris*, 301 S.W.3d at 145.

We agree with the State that Petitioner's claim fails for a number of reasons. First, his petition for writ of error coram nobis is untimely in that it was filed over three decades beyond the expiration of the statute of limitations. Second, the evidence presented is not newly discovered. As the trial court pointed out, the names of both the victim and the grand jury foreman were known as of the date the indictment was issued and the exercise of reasonable diligence could have led to the discovery of any familial relationship. Third, Petitioner was previously aware of this claim and presented it to the trial court in his 1991 pro se amended petition for post-conviction relief. That Petitioner was unsuccessful in pursuing that cause of action is not a basis for tolling the statute of limitations. *See Harris*, 301 S.W.3d at 146 ("No statute in Tennessee nor tolling rule developed at common law provides that the time for filing a cause of action is tolled during the period in which a litigant pursues a related but independent cause of action."). Fourth, juror misconduct claims are not cognizable grounds for relief under coram nobis as they are not "new evidence of innocence which would have resulted in a different judgment had it been presented at trial." *See Freshwater v. State*, 160 S.W.3d 548, 556 (Tenn. Crim. App. 2004). The writ of error coram nobis "is not a 'catch-all' remedy that enables convicted persons to litigate and relitigate the propriety of their convictions *ad infinitum*." *Harris*, 301 S.W.3d at 148 (Koch, J., concurring) (internal quotation and citation omitted).

Finally, Petitioner has waived his habeas corpus claim by raising it for the first time in his reply brief. *State v. Walter Francis Fitzpatrick, III*, No. E2014-01864-CCA-R3-CD, 2015 WL 5242915, at *8 (Tenn. Crim. App. Sept. 8, 2015) ("Issues raised for the first time in a reply brief are waived."), *perm. app. denied* (Tenn. Feb. 18, 2016), *cert. denied*, 137 S. Ct. 72 (2016); *State v. Franklin Sanders*, No. 02C01-9305-CR-00102, 1994 WL 413465, at *10 (Tenn. Crim. App. Aug. 10, 1994) ("The defendant cannot change issues from his original brief to his reply brief any more than he can change theories from the trial court to the appellate court."), *aff'd*, 923 S.W.2d 540 (Tenn. 1996).

Even if we were to address Petitioner's habeas corpus claim on the merits, this Court has previously held that a trial court is not divested of subject matter jurisdiction by the ineligibility of the grand jury foreman and that any such defect in the indictment is cured by the return of a jury verdict. *See State v. Lopez*, 440 S.W.3d 601, 610 (Tenn. Crim. App. 2014); *see also Kenneth DeWayne Johnson v. State*, No. M2013-02491-CCA-R3-PC, 2014 WL 3696268, at *3-4 (Tenn. Crim. App. July 24, 2014), *perm. app. denied* (Tenn. Nov. 19, 2014).

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court in denying the petition for writ of error coram nobis without the appointment of counsel or a hearing.

_____
TIMOTHY L. EASTER, JUDGE